PER CURIAM.
The narrow issue presented in this writ is whether defendants are entitled to summary judgment when plaintiff is unable to produce any evidence supporting her contention their parking lot was unreasonably dangerous. We granted this writ not only to reverse the district court’s denial of summary judgment, but also to provide much needed guidance to both the practitioners and the Judiciary of this State on the proper interpretation and application of our holding in Broussard v. State Ex Rel. Office of State Buildings, 12-1238 (La.4/5/13), 113 So.3d 175, when addressing motions for summary judgment on the issue of whether an alleged defect presents an unreasonable risk of harm.
FACTS AND PROCEDURAL HISTORY
This matter arises from an accident, which took place in the parking area of the Wesley Chapel United Methodist Church. The church sits in a small patch of partially cleared woods in a rural area of St. Helena Parish, off Louisiana Highway 448. Congregants attending services at the church typically pull in among the trees and unpaved grassy areas on the church grounds to park their vehicles. The accident occurred when an elderly church member, Hattie Lockwood, entered her vehicle following services. Ms. Lockwood reversed her car at a high rate of speed, striking plaintiff as she was walking.
As a result of the accident, plaintiff filed suit against several defendants, including Wesley Chapel United Methodist Church and its insurer, GuideOne Specialty Mutual Insurance Company (hereinafter referred to collectively as the “church defendants”). With regard to the church defendants, plaintiff alleged they were responsible for all or part of the accident based on various defects in the premises, including defective design of the parking area, improper markings in the parking lot, and improper safety barriers and/or improper safety measures.
The church defendants filed a motion for summary judgment, arguing plaintiff was unable to establish the accident resulted from any negligence in the design or maintenance of the parking area. In support, they relied on plaintiffs deposition, in which she admitted she was unable to say what the church did wrong to cause the accident. Plaintiff was asked, “[c]an you tell me what it was factually that you feel like the Wesley Chapel did wrong that caused this accident?” Plaintiff replied, “[n]ot really.” The church defendants also introduced an affidavit from Mack Cornet, a member of the church’s congregation for fifty-one years. Mr. Cornet averred the grassy areas surrounding the church were routinely used by congregants to park. According to Mr. Cornet, “on no occasion other than this one or since has there ever been any accidents or issues with congregants parking in such a fashion.” Finally, the church defendants introduced photographs showing the parking area.
Plaintiff opposed the motion, arguing genuine issues of material fact as to the cause of the accident exist. However, plaintiff did not support her opposition with any evidence.
After a hearing, the district court denied the motion for summary judgment, explaining:
Well, quite frankly, I think that both sides could have done a wee bit better job on summary judgment. Telling me what the outlining duties are. I suspect that as a matter of general contracting *652 law, that there is some kind of duty to have a parking lot, even in the absence of building codes. I don’t know what the code is here in St. Helena Parish, but I think that the allegation of obstacles in the parking lot and the fact that the parking lot either wasn’t laid out at all or was half hazardly laid out, is some evidence of negligence. So, for that reason, I’m going to deny your motion. But, it’s thin. I don’t mind telling you, it’s thin.
The court of appeal denied defendants’ application for supervisory writs, stating:
Whether a defect presents an unreasonable risk of harm must be determined in light of facts and circumstances of each particular case. The supreme court has held that the question of whether a defect presents an unreasonable risk of harm is a mixed question of law and fact and, accordingly, should be determined by the fact-finder. Broussard v. State Ex Rel. Office of State Buildings, 2012-1238 (La.4/5/13), 113 So.3d 175, 183.
Allen v. Lockwood, 14-0518 (La.App. 1 Cir. 7/14/14). Judge Welch dissented, reasoning: “There is no way a rational trier of fact could find that a rural church in Greensburg, Louisiana, that has a cleared wooded area for a parking lot, was in any way negligent or a cause in fact of the accident sued upon.” Based on the evidence presented or lack thereof, we agree.
We first note the Court of Appeal misinterpreted our holding in Broussard by concluding “[t]he supreme court has held that the question of whether a defect presents an unreasonable risk of harm is a mixed question of law and fact and, accordingly, should be determined by the fact-finder,” which would preclude summary judgment on these issues. In Broussard, which involved a full jury trial, not a motion for summary judgment, we held the determination of whether a defect constituted an unreasonable risk of harm was a question for the trier of fact:
In order to avoid further overlap between the jury’s role as fact-finder and the judge’s role as lawgiver, we find the analytic framework for evaluating an unreasonable risk of harm is properly classified as a determination of whether a defendant breached a duty owed, rather than a determination of whether a duty is owed ab initio. It is axiomatic that the issue of whether a duty is owed is a question of law, and the issue of whether a defendant has breached a duty owed is a question of fact. E.g., Brewer v. J.B. Hunt Transp., Inc., 09-1408, p. 14 (La.3/16/10), 35 So.3d 230, 240 (citing Mundy v. Dep’t of Health and Human Res., 620 So.2d 811, 813 (La.1993)). The judge decides the former, and the fact-finder—judge or jury—decides the latter.
Broussard, 12-1238 at pp. 11-12, 113 So.3d at 185.
Notably, Broussard was a three-day jury trial involving a fact-intensive determination as to whether the defect posed an unreasonable risk of harm or constituted an open and obvious defect. The jury returned a verdict in favor of Broussard. The First Circuit Court of Appeal reversed on grounds of manifest error because it found the defect was open and obvious. This Court reversed finding no manifest error in the jury’s determination. We resolved the issue under the risk-utility balancing test. Our comments under this discussion clearly pertained to cases that were tried either by judge or jury. Brous-sard did not involve summary judgment practice nor did our discussion infer that issues of this nature must be determined by a trial. Any reading of Broussard interpreting it as a limit on summary judgment practice involving issues of unreason *653 able risk of harm is a misinterpretation of the Broussard case.
In another recent case, Bufkin v. Felipe’s Louisiana, LLC, 14-0288, p. 12, n. 3 (La.10/15/14), — So.3d —; 2014 WL 5394087, which involved the issue of whether a construction dumpster was open and obvious or posed an unreasonable risk of harm, we found defendants were entitled to summary judgment as a matter of law. In Bufkin, we clarified our holding in Broussard, stating “[Broussard] should not be construed as precluding summary judgment when no legal duty is owed because the condition encountered is obvious and apparent to all and not unreasonably dangerous.” Further we explained that once a defendant points out a lack of factual support for an essential element in the plaintiffs case, the burden then shifts to the plaintiff to come forward with evidence (by affidavit, deposition, discovery response, or other form sanctioned by La. Code Civ. P. arts. 966 and 967) to demonstrate that he or she would be able to meet his or her burden at trial. As Bufkin demonstrated, “our jurisprudence does not preclude the granting of a motion for summary judgment in cases where the plaintiff is unable to produce factual support for his or her claim that a complained-of condition or things is unreasonably dangerous.” Bufkin, — So.3d at — - —, 2014 WL 5394087, at pp. *7-8 (Guidry, J., concurring); see also Reagan v. Recreation and Park Com’n for Parish of East Baton Rouge, 13-2761 (La.3/14/14), 135 So.3d 1175 (Guidry, J., dissenting in writ denial). Rather, in such a procedural posture, the court’s obligation is to decide “if there [is] a genuine issue of material fact as to whether the [complained-of condition or thing] created an unreasonable risk of harm.... ” Broussard, 12-1238 at p. 9, n. 5, 113 So.3d at 184, n. 5.
Turning to the instant case, the church defendants produced evidence, through affidavits, depositions, and photographs, that the parking area had been used by congregants for decades without incident and the complained-of condition— the unpaved grassy parking area — was obvious and apparent to anyone who may potentially encounter it. Plaintiff then failed to produce any evidence to rebut their evidence or demonstrate how the alleged defects caused the accident. Moreover, she could not even say what the church defendants did to cause the accident. Therefore, as there is no genuine issue as to whether the parking area was unreasonably dangerous, the church defendants are entitled summary judgment in their favor as a matter of law.
Accordingly, the writ is granted. The judgment of the district court is reversed. Summary judgment is granted in favor of Wesley Chapel United Methodist Church and GuideOne Specialty Mutual Insurance Company, dismissing plaintiffs claims against them with prejudice.