PITMAN, J.
11 Plaintiffs Tammy Todd .and Teer Michael Todd appeal the judgment of the trial court granting summary judgment in favor of Defendants Home Builders Association of Northwest Louisiana (“HBA”) and its insurer, Ohio Casualty Insurance Company (“Ohio Casualty”). For the following reasons, we affirm.

FACTS

In June 2008, Plaintiffs joined a group of people in Bossier City’s Oak Alley neighborhood to tour Home No. 44 (205 Oak Alley Boulevard), built by Robert Angel Builder, Inc., in the “Parade of Homes,” sponsored by the ,HBA. Plaintiffs left the group and went into, the garage, which was also open for .viewing. In the garage was a door that opened to a stairwell. Mr. Todd preceded his wife up the stairs to a bonus room above the garage. After Mrs. Todd looked at the unfinished space, she returned back down the stairs. At the landing, her ankle turned on the threshold between the stairs and the landing on the other .side of the door,. She fell, seriously injuring both of her feet and ankles. She was taken by ambulance to a nearby hospital where she underwent surgery, followed by physical therapy.
Plaintiffs filed suit, -alleging that the landing threshold created an unreasonably dangerous condition in the home which caused' her accident. The HBA filed a motion for summary judgment,[1] which was granted by the trial court. Plaintiffs ap-péaled the judgment, and this court reversed and remanded, finding that the HBA’s admissions regarding terms and conditions of the agreement with Mr. Angel, Whose homes were featured in |2the tour, constituted a judicial confession as to the same; that the HBA owed a duty to exercise reasonable care for the safety of its patrons, whom it invited to view the homes; and that a fact issue remained as to whether the HBA breached its duty. See Todd v. Angel, 47,911 (La.App.2d Cir.4/24/13), 114 So.3d 512 (“Angel I”).
Shortly before Angel I was handed down, Mr. Angel and his insurer filed a motion for summary judgment, which was supported by deposition testimony, affidavits and photographs showing that the landing threshold was stable and firmly attached to the floor and that there were no substances on the floor which would have caused Mrs. Todd to fall. There was no evidence presented that any alleged gap caused her to fall. Moreover, Mrs. Todd specifically testified that, while she was stepping in the area of the landing threshold, her ankle turned, causing her to lose her balance and fall. Further, although Plaintiffs claimed the stairwell landing was “unfinished,”, there was testimony that there was no difference in elevation between the two sides of the threshold. The trial court granted the motion for summary judgment, finding that the evidence showed that the landing was not defective and did not pose an unreasonable risk of *873 harm; therefore, no genuine issues of fact existed which would warrant the case proceeding to trial.
Plaintiffs appealed that judgment, and this court affirmed the trial court, finding that the landing did not pose an unreasonable risk of harm to a prudent person using reasonable care under the circumstances and, thus, that Mr. Angel did not breach any duty owed to Plaintiffs. See Todd v. Angel, 48,687 (La.App.2d Cir.1/15/14), 132 So.3d 453, writ denied, 14-0613 (La.5/16/14), 139 So.3d 1027 (“Angel II”).
After Angel II was rendered, the. HBA and its insurer, Ohio Casualty, filed another motion for summary judgment seeking dismissal from the suit. In this second motion, Defendants adopted Mr. Angel’s motion for summary judgment and the memorandum filed in support thereof. They moved for summary judgment on the basis that, as a result of the granting of the summary judgment in Mr. Angel’s favor, and the subsequent affirmation of that judgment by this court, there existed no genuine issue of material fact as to whether the landing upon which Mrs. Todd fell posed an unreasonable risk of harm. Defendants argued that, because the landing did not create an unreasonable risk of harm, Plaintiffs could not establish essential elements of their liability claim against them.
Also in support of their second motion for summary judgment, Defendants supplied the trial court with supplemental information in the form of evidence and sworn testimony available when Mr. Angel filed his motion for summary judgment, accompanying exhibits and Mr. Angel’s affidavit. The trial court also had the behe-fit of this court’s Angel II decision affirming Mr. Angel’s summary judgment and the denial of writs by the Louisiana Supreme Court.
Plaintiffs opposed Defendants’ second motion for summary judgment, claiming that, because this court had reversed the ruling in favor of these defendants earlier in Angel I, and they had failed to seek further review from the supreme court, that judgment was a final judgment and could no longer |4be considered' a viable basis for summary judgment. Plaintiffs argued that the matter must now proceed to trial. Further, Plaintiffs argued that Defendants could not simply adopt the supporting motion for summary judgment and supporting memorandum filed by Mr. Angel. The conclusion to Plaintiffs’ memorandum at the trial court states that this court had correctly found earlier that the HBA had a duty to make sure there was no unreasonable risk for its invitees as they viewed the home and there was a genuine issue as to whether the HBA had breached that duty.
The trial court granted Defendants’ second motion for summary judgment and stated that the issue was not, as in ;,the first motion for summary judgment, whether the HBA and its insurer owed a duty to the Plaintiffs, but, rather, was whether there was a genuine issue of material fact regarding if the stairs or threshold from- the bottom step to the floor created an unreasonable risk of harm. The trial court found there was no defect in the stairs or threshold from the bottom step to the floor and there was no unreasonable risk of harm which would be expected to cause an injury to a prudent person. Thus, it found no genuine issue of material fact existed. In making this decision, the trial court noted that it was entitled to consider second motions for summary judgment which were filed when the mov-ant supplemented the record with meaningful additions which clearly establish that there is no longer any genuine issue *874 of-material fact to be determined by a trial on the merits.
Plaintiffs appeal the granting of the Defendants’ motion for summary judgmént.

JDISCUSSION

Plaintiffs argue that the district court conflated its obligation to decide duty issues with the fact flnder’s obligation to decide fact issues and then used that factual determination to conclude that Defendants had not breached their, duty to Plaintiffs. They also argue that whether a duty is owed is a question of law, but whether a defendant has breached a duty is a question of fact which .is improperly addressed by a motion for summary judgment. Plaintiffs contend that the trial court improperly applied the law by failing to apply a risk-utility analysis which is to be applied in every fault-based case, citing Broussard v. State ex rel. Office of State Bldgs., 12-1238 (La.4/5/13), 113 So.3d 175.
Plaintiffs further argue -that the trial '•court committed reversible error when it considered documents which were not contained in the record. Specifically, they state that, although- the HBA claimed that city inspectors had provided Mr. Angel with = certificates -of compliance, which allegedly satisfied any duty the HBA had to its invitees with regard to dangers or defects on the premises which might cause injury, there was no evidence in the record that such certificates even exist and no evidence in the record that the HBA committee members ever inspected the home before its .inclusion . in the. Parade ..of Homes. ,.The contend that the trial court erred when it relied on documents which were not part of the record in making its decision to grant Defendants’ motions for summary judgment.
Defendants argue that a party opposing a properly supported motion for summary judgment may not rest upon mere,-allegar tions or denials in his | (¡pleading, but must set forth specific facts showing the existence of a genuine issue for trial. To discharge this burden, the nonmoving party must, demonstrate specific, admissible evidence that will support his position.
Defendants also argue that Plaintiffs have misinterpreted Broussard, supra, and point out that, in Allen v. Lockwood, 14-1724 (La.2/13/15), 156 So.3d 650, the supreme court granted writs and specifically stated that any reading of Broussard interpreting it as a limit on summary judgment practice involving issues of unreasonable risk of harm was a misinterpretation of the case.
Based on the foregoing, Defendants contend that the evidence Plaintiffs presented in response to their second motion for summary judgment failed to establish the existence of a condition that created an unreasonable risk of harm to persons on the premises or that a genuine issue of material fact existed as to this element. They argue that, in Angel II, the finding had already been made by the trial court, and affirmed by this court, and writs denied by the supreme court, that the landing threshold was not unreasonably dangerous. For those reasons, Defendants assert that Plaintiffs cannot prove an essential element of their claim, there, are no genuine issues of material fact and Defendants are entitled to judgment as a matter of law.
Defendants contend that Plaintiffs’ argument concerning the home inspections or existence of certificates, has no merit because the issue-was fully considered by the tidal court during the adjudication of the Angel II motion for summary judgment. Mr. Angel had sworn in his affidavit that 17the house at issue was constructed pursuant to a building permit issued by the City of Bossier and was completed by *875 late 2007. He confirmed that it complied with all applicable building codes and that all construction was complete, including the landing threshold where Mrs. Todd fell. Further,, it had passed all applicable inspections. For the foregoing reasons, Defendants contend that the trial court correctly granted their motion for summary judgment and found that the evidence showed that the landing threshold did not pose an unreasonable risk of harm to a prudent person using reasonable care under the circumstances.
In Lockwood, supra, the supreme court was presented with a narrow issue 'of whether the defendants were entitled to summary judgment 'when the plaintiff was unable to produce any evidence supporting her contention that a church’s parking lot was unreasonably dangerous. It stated that it also intended to
provide much needed guidance to both the practitioners and the Judiciary of this State on the proper interpretation and application of the holding in Broussard v. State Ex Rel. Office of State Buildings, 12-1238 (La.4/5/13), 113 So.3d 175, when addressing motions for summary judgment on the issue of whether an alleged defect presents an unreasonable risk of harm.

Id.

It further stated that the granting of a motion for summary judgment in cases where the nonmoving party is unable to produce factual support for his claim that a condition or thing was unreasonably dangerous is not precluded. Rather, in such a procedural posture, the court’s obligation is to decide if there are genuine issues of material fact as to whether the complained-of condition or thing created an unreasonable risk of harm.
In Bufkin v. Felipe’s Louisiana, LLC, 14-0288 (La.10/15/14), 171 So.3d 851, cited by the supreme court in Lockwood, supra, the court stated that a de novo standard of review is applied in considering lower court rulings on summary judgment motions. Appellate courts use the same criteria that govern, the district court’s consideration of whether summary judgment is appropriate. A court must grant a motion for summary judgment if the pleadings, depositions, answers to. interrogatories and admissions,- together with the. affidavits, if any, show that there is no genuine issue as to material fact, .and that the mover is entitled to judgment as . a matter of. law, pursuant to La. C.C.P. art. 966(B), On motion for summary judgment, the burden of proof remains with the movant. However, if the moving party will not bear the burden of proof on the -issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense, then the nonmoving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted. See La. C.C.P. art. 966(C)(2); Angel II, supra.
After conducting a de novo review of the record of this case, including the evidence presented in connection with the motion for summary judgment in Angel II, we conclude that the trial court properly granted the instant motion for summary judgment filed by the HBA and its insurer. The issue of whether the home had passed inspection was fully ^considered during the earlier, litigation. It had already been determined that the landing threshold presented no unreasonable risk of harm. Therefore, there is an absence of factual support for one or more elements essential to the Plaintiffs’ claim, and. the granting of the motion for summary judgment was *876 appropriate. Plaintiffs’ assignments of error are without merit. -

CONCLUSION'

For the foregoing reasons, the judgment of the trial court granting the motion for surfimary judgment in favor of Defendants, Home Builders Association of Northwest Louisiana and Ohio Casualty Insurance Company, and against Plaintiffs, Tammy Todd and Teer MicliaeLTodd, is hereby affirmed. Costs' of this appeal are assessed to Plaintiffs, Tammy Tódd and Teer Michael Todd.
AFFIRMED.

. This was the HBA’s first motion for summary judgment, not the one at issue in this appeal.