# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 20-23

**FRANK RAYMOND**

**VERSUS**

**CITY OF NATCHITOCHES AND**

**NATCHITOCHES PARISH**

**WATERWORKS DISTRICT #1**

**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 89451
HONORABLE DESIREE DUHON DYESS, DISTRICT JUDGE

**********

**SHANNON J. GREMILLION**
**JUDGE**

**********

Court composed of Billy Howard Ezell, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**Joseph Payne Williams, Sr.**
**Williams Family Law Firm, LLC**
**162 Jefferson Street**
**Post Office Box 15**
**Natchitoches, LA 71458-0015**
**(318) 352-6695**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Frank Raymond**

**Ronald E. Corkern, Jr.**
**Corkern, Crews, Guillet & Johnson, LLC**
**616 Front Street**
**P. O. Box 1036**
**Natchitoches, LA 71458-1036**
**(318) 352-2302**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**City of Natchitoches**

**Erika F. Cedars**
**McCoy Roberts & Begnaud, LTD**
**PO Box 1369**
**Natchitoches, LA 71457**
**(318) 352-6495**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Natchitoches Parish WaterworksDistrict #1**

**GREMILLION, Judge.**

Frank Raymond, the plaintiff/appellant, appeals the summary judgment granted in favor of the City of Natchitoches and Natchitoches Parish Waterworks District No. 1 (NPW), dismissing his petition for damages. For the reasons that follow, we affirm.

### FACTS

On September 1, 2016, Mr. Raymond was looking after his two-year-old granddaughter while her parents fished at the Oak Grove Community Boat Ramp on Sibley Lake in Natchitoches Parish. His granddaughter had been playing around the edge of the water, then began to run into the boat ramp parking lot. Mr. Raymond chased after her and felt the ground give way. He injured himself stepping into a hole at the junction of a concrete drainage area and the asphalt parking lot.

Mr. Raymond initiated his demand for damages by filing suit against the City and NPW. His petition alleged that asphalt at the edge of the hole collapsed and caused him to fall. The City and NPW knew or should have known of the existence of the hole, Mr. Raymond further alleged. The parking lot was allegedly defective for having the hole and no warnings of its existence or barriers to prevent someone from stepping into it.

The City and NPW answered the petition filed by Mr. Raymond and denied his allegations. By way of amended answers, both the City and NPW pleaded as affirmative defenses the terms of La.R.S. 9:2795, which limits the liability of landowners of property used for recreational purposes.

On December 11, 2018, the City filed its motion for summary judgment in which it asserted three arguments exonerating it from liability. If the ground caved in as Mr. Raymond testified in his deposition, the City could not be liable because

it had no notice of the existence of the condition that led to the cave-in. If the ground did not cave in as Mr. Raymond testified, the hole represented an open and obvious hazard against which the City was not required to guard. Lastly, the City argued that it was immunized from liability under the recreational use statute, La.R.S. 9:2795. The City's motion was supported by excerpts from Mr. Raymond's deposition and NPW's responses to discovery requests from Mr. Raymond. NPW filed its motion for summary judgment, supported by the same documentation, on January 2, 2019.

Mr. Raymond opposed the motions with the deposition of Mr. Ed Giering, III, chairman of NPW, the discovery responses of NPW and the City, and Mr. Raymond's deposition.

In his deposition, Mr. Raymond testified that the ground caved in under foot as he was chasing after his granddaughter. He noticed nothing amiss about the area before the incident, but his attention was on his granddaughter. As he chased after his granddaughter, Mr. Raymond felt the ground give way and he fell.

NPW's discovery responses asserted that it has no ownership, care, custody, or control over the boat ramp. It volunteered to pay the cost of overlaying the boat ramp parking lot. Attached to the responses were three photographs that purport to have been taken by Mr. Giering on May 25, 2016. These photographs show two holes, one at the very margin where the asphalt parking lot meets the concrete drain and the other entirely within the concrete drain. Weeds were growing in each hole.

Following the accident, Mr. Raymond's son took similar photographs of the hole. The photos are indistinguishable from Mr. Giering's photos except for the distances at which they were taken.

The trial court granted the motions for summary judgment on the basis of La.R.S. 9:2795. Mr. Raymond appeals and argues that genuine issues of material fact exist regarding whether NPW and the City willfully and maliciously failed to warn of the hole and whether the hole was an open and obvious hazard.

## ANALYSIS

The liability of public entities for defects in premises within their garde is governed by La.R.S. 9:2800 which reads, in pertinent part:

> A. A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody.
>
> . . . .
>
> C. Except as provided for in Subsections A and B of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.

However, in the context of the present matter, the potential liability of NPW and the City is subject to the limitation found in the recreational use statute, La.R.S. 9:2795, which reads, in pertinent part:

> B. (1) Except for willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land, except an owner of commercial recreational developments or facilities, who permits with or without charge any person to use his land for recreational purposes as herein defined does not thereby:
>
> (a) Extend any assurance that the premises are safe for any purposes.
>
> (b) Constitute such person the legal status of an invitee or licensee to whom a duty of care is owed.

3

(c) Incur liability for any injury to person or property caused by any defect in the land regardless of whether naturally occurring or man-made.

There is no dispute that the accident occurred at a boat ramp. Mr. Raymond does not contest the applicability of the statute to his case; rather, he argues, NPW and the City were deliberate and willful or malicious in not warning of the existence of the hole.

Whether a defendant owed a duty is a question of law. *Broussard v. State ex rel. Office of State Bldgs.* 12-1238 (La. 4/5/13), 113 So.3d 175. Landowners are responsible for conditions that present unreasonable risks of harm. *Bufkin v. Felipe's La., LLC*, 14-288 (La. 10/15/14), 171 So.3d 851.

> Under Louisiana law, a defendant generally does not have a duty to protect against that which is obvious and apparent. In order for an alleged hazard to be considered obvious and apparent, this court has consistently stated the hazard should be one that is open and obvious to everyone who may potentially encounter it.

*Id.* at 856.

In *Allen v. Lockwood*, 14-1724 (La. 2/13/15), 156 So.3d 650, the supreme court, in a per curiam opinion, clarified its position on the propriety of filing summary judgment in premises liability cases. The court's obligation is to determine whether there exists a genuine issue of material fact as to whether the condition posed an unreasonable risk of harm.

We find that there is no genuine issue of material fact on whether this hole posed an unreasonable risk of harm. The hole existed before the accident, as evidenced by the photographs taken by Mr. Giering and confirmed by the photographs taken by Mr. Raymond's son six days after the accident. The hole is quite obvious and apparent in every photograph.

Mr. Raymond's testimony that the ground gave way beneath him does not create a genuine issue of material fact because, had the hole not existed, the City

4

and NPW would not have been on notice of its existence and would have no duty to warn against or correct the defect pursuant to La.R.S. 9:2800.

The judgment of the trial court is affirmed. All costs of this appeal are taxed to plaintiff/appellant, Frank Raymond.

**AFFIRMED.**