# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 21-296

**ALVA LONGINO**

**VERSUS**

**THE CITY OF OAKDALE, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2018-513
HONORABLE JUDI F. ABRUSLEY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and D. Kent Savoie, Judges.

**AFFIRMED.**

**Bradley Charles Myers**
**Kean Miller**
**P. O. Box 3513**
**Baton Rouge, LA 70821-3513**
**(225) 387-0999**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **Risk Management, Inc.**

**Gregory W. Belfour**
**Jones, Tete, Fonti & Belfour, L.L.P.**
**1135 Lakeshore Drive, 6th Floor**
**P. O. Box 1930**
**Lake Charles, LA 70602**
**(337) 439-8315**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **Oakdale Housing Authority**

**Jonathan Clyde Vidrine**
**P. O. Drawer 1019**
**Ville Platte, LA 70586**
**(337) 363-2772**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
  **Alva Longino**

**Randall Brian Keiser**
**Matthew L. Nowlin**
**Keiser Law Firm, P.L.C.**
**5216 Rue Verdun**
**P. O. Box 12358**
**Alexandria, LA 71315**
**(318) 443-6168**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **The City of Oakdale**

**EZELL, Judge.**

Alva Longino appeals the decision of the trial court below granting summary judgment in favor of the City of Oakdale and the Housing Authority of the City of Oakdale (hereinafter collectively referred to as Defendants). For the following reasons, we hereby affirm the decision of the trial court.

Mr. Longino was a tenant in an apartment owned by the Housing Authority. In front of his apartment was a sidewalk that had a drainpipe running underneath it, which emptied into the building's parking lot. On December 10, 2017, he stepped off the sidewalk into the parking lot near the drainpipe, slipped, and fell, allegedly injuring his back and hip. He then filed the current suit for damages against both Defendants.

Defendants jointly filed a motion for summary judgment, claiming that the sidewalk and drainpipe posed no unreasonable risk of harm and was open and obvious. The trial court agreed and granted the motion for summary judgment. From that decision, Mr. Longino appeals.

On appeal, Mr. Longino asserts three assignments of error. His first two assignments of error both involve the motion for summary judgment. He argues the trial court erred in granting the motion for summary judgment because issues of material fact exist as to whether an unreasonably dangerous condition existed, and/or whether the alleged defect was open and obvious. We will consider these assignments of error as one.

Mr. Longino also asserts that the trial court erred in denying his motion for new trial. While assigned as error, Mr. Longino did not brief any argument that the trial court erred in failing to grant his motion for new trial. According to the Uniform Rules-Louisiana Courts of Appeal, Rules 2-12.4(B)(4), issues not briefed

on appeal are deemed abandoned. Because Mr. Longino failed to brief this assignment of error, it is deemed abandoned and we will not address it.

Summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action . . . . and shall be construed to accomplish these ends." La.Code Civ.P. art. 966(A)(2). In reviewing the trial court's decision on a motion for summary judgment, this court applies a de novo standard of review. *Jackson v. City of New Orleans*, 12-2742, 12-2743 (La. 1/28/14), 144 So.3d 876, *cert. denied*, 574 U.S. 869, 135 S.Ct. 197 (2014).

The burden of proof is on the mover unless the mover will not bear the burden of proof at trial, in which case the mover is not required to negate all essential elements of the adverse party's claim, but only to point out to the court the absence of factual support for one or more of the elements necessary to the adverse party's claim. La.Code Civ.P. art. 966(D)(1). "The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id*.

"After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

> A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate.

*Jackson*, 144 So.3d at 882.

Mr. Longino cites *Currie v. Scottsdale Indemnity Co.*, 12-1666 (La. App. 1 Cir. 8/26/13), 123 So.3d 742, for the proposition that the analysis of whether an open and obvious defect presents an unreasonable risk of harm is not proper for summary judgment, as he asserts that analysis is a determination of fact, taking into consideration the victim's own comparative fault, among other factors. However, we point out that this 2013 decision has been overridden by the Louisiana Supreme Court in its 2015 decision, *Allen v. Lockwood*, 14-1724 (La. 2/13/15), 156 So.3d 650. There, the supreme court clarified prior jurisprudence and clearly stated that summary judgment should not be precluded when no legal duty is owed because the condition encountered is open, obvious, and not unreasonably dangerous. Further, the supreme court explained that:

> Once a defendant points out a lack of factual support for an essential element in the plaintiff's case, the burden then shifts to the plaintiff to come forward with evidence (by affidavit, deposition, discovery response, or other form sanctioned by La.Code Civ. P. arts. 966 and 967) to demonstrate that he or she would be able to meet his or her burden at trial.

*Id*. at 653.

The court concluded that "'our jurisprudence does not preclude the granting of a motion for summary judgment in cases where the plaintiff is unable to produce factual support for his or her claim that a complained-of condition or things is unreasonably dangerous.'" *Id*. at 653 (quoting *Bufkin v. Felipe's Louisiana, LLC*, 14-288, p. 1 (La. 10/15/14), 171 So.3d 851, 859, (Guidry, J., concurring)).

Therefore, the jurisprudence is clear that:

> [S]ummary judgment is appropriate where a defendant points out a lack of factual support for a plaintiff's claim that a condition is unreasonably dangerous, and, upon the burden shifting to the plaintiff, the plaintiff is unable to produce factual support for his claim or to establish the existence of a genuine issue of material fact. LSA-C.C.P. art. 966(D). Thus, in the absence of any material issues of fact, a court

may determine by summary judgment that a defect is open and obvious and, therefore, does not present an unreasonable risk of harm. *Temple* [*v. Morgan*, 15-1159 (La.App. 1 Cir. 6/3/16)], 196 So.3d [71] at 78[, *writ denied*, 16-1255 (La. 10/28/16), 208 So.3d 889].

*Minix v. Pilot Travel Ctrs., LLC*, 18-1197, pp. 5-6 (La.App. 1 Cir. 5/31/19), 277 So.3d 810, 814, *writ denied*, 19-1074 (La. 10/8/19), 280 So.3d 149. *See also Green v. Calcasieu Par. Police Jury*, 19-579 (La. App. 3 Cir. 2/27/20) (unpublished opinion).

Here, Mr. Longino testified that he was aware of the drainpipe and the alleged build-up of mud or muck for months prior to the accident. He stated that he had, nevertheless, neither told nor complained about the situation to any of the Defendants. He has submitted no expert or other testimony setting forth that the sidewalk was constructed in a dangerous manner or posed any threat to the public. Further, he clearly testified that he was talking to his nephew as he stepped off the sidewalk into the parking lot and that he "didn't . . . watch where he was walking."

As noted by the first circuit in *Williams v. Leonard Chabert Med. Ctr.*, 98-1029, p. 9 (La.App. 1 Cir. 9/26/99), 744 So.2d 206, 211, *writ denied*, 00-11 (La. 2/18/00), 754 So.2d 974 (emphasis in original): "[W]e do not live in a perfect world. We cannot impose a duty on a landowner to have perfectly flawless premises. Sidewalks and parking lots are not always level, and individuals must assume *some* responsibility for their own safety. Everyday life presents risks which must be encountered and negotiated."

Tina Johnson of the Housing Authority testified that in her twenty-eight-year employment no one, including Mr. Longino, had ever complained about the sidewalk and drainpipe at issue. When Mr. Longino informed her of his fall, roughly a month after it occurred, she went to the premises and found nothing out

of the ordinary. She testified that the property received thorough yearly inspections from the United States Department of Housing and Urban Development and that no issues regarding the sidewalk or lot had ever been found in these inspections. None of the above testimony was contradicted in any way. Further, pictures of the parking lot do not show any potential hidden or unreasonable hazard.

Based on the record before this court and the above cited jurisprudence, we find that Mr. Longino has failed to show that the sidewalk, drainpipe, and parking lot at issue presented any unreasonable risk of harm. He was aware of the drainpipe and any potential issues it presented for months prior to his fall, as the state of the pipe and sidewalk was both open and obvious. There is no evidence whatsoever that the complained of condition created any unreasonable risk of harm. Thus, we can find no genuine issue of material fact existed in this case and, therefore, no error in the trial court's granting Defendants' motion for summary judgment.

For the above reasons, we hereby affirm the decision of the trial court. Costs of this appeal are hereby assessed against Mr. Longino.

**AFFIRMED.**