# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-30713
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 24, 2023

Lyle W. Cayce
Clerk

Jimmy Douglas,

*Plaintiff—Appellant*,

*versus*

CLK MultiFamily Management; C-K Forestwood, L.L.C.;
C-K Forestwood Realty Corporation,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:20-CV-677

---

Before Smith, Elrod, and Douglas, *Circuit Judges*.

Per Curiam:*

Jimmy Douglas ("Douglas") appeals from the district court's grant of summary judgment to CLK MultiFamily Management, L.L.C.; C-K Forestwood, L.L.C.; and C-K Forestwood Realty Corporation (collectively, "Defendants"). We AFFIRM.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30713

Douglas tripped and fell while walking down concrete steps leading to the parking lot outside of an apartment building owned and operated by Defendants. He filed this premises-liability action against Defendants in Louisiana state court, seeking to recover for personal injuries; the action was removed to federal court based on diversity jurisdiction.

Louisiana's substantive law applies in this diversity action. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007). "Under Louisiana law, liability for damages caused by defective things in one's custody or *garde* is governed by articles 2317 and 2317.1 of the Louisiana Civil Code." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 616 (5th Cir. 2018) (footnotes and citation omitted). "To recover for damages caused by a defective thing, a plaintiff must prove [1] that the thing was in the defendant's custody, [2] that the thing contained a defect which presented an unreasonable risk of harm to others, [3] that this defective condition caused damage and [4] that the defendant knew or should have known of the defect." *Id.* (quoting *Luquette v. Great Lakes Reinsurance (UK) PLC*, 209 So. 3d 342, 348 (La. Ct. App. 2016)) (alteration in original). This appeal concerns the second element.

Douglas fell when his right foot became stuck in a hole in the retaining wall abutting the steps that separated the steps from the surrounding grass. At his deposition, he testified both that he did not remember if he was looking down while descending the steps and that he was not looking down when he fell. After discovery, Defendants moved for summary judgment, arguing, *inter alia*, that Douglas had failed to show a genuine dispute of material fact concerning whether there was a defect in the steps which presented an unreasonable risk of harm; Defendants contended that the condition of the concrete steps was "open and obvious" and therefore not unreasonably dangerous. The district court agreed that the allegedly defective condition was not unreasonably dangerous and granted summary judgment for

Defendants.  We affirm, as explained below, essentially for the reasons set forth in the district court's thorough summary-judgment ruling.  *Douglas v. Forestwood Apartments/Baton Rouge Ltd.*, No. 3:20-CV-677, 2022 WL 10655711 (M.D. La. Oct. 18, 2022).

"This court reviews de novo a district court's grant of summary judgment, applying the same standard as the district court." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th Cir. 2017) (citation omitted).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Austin*, 864 F.3d at 328 (internal quotation marks and citation omitted).  "All evidence is viewed in the light most favorable to the nonmoving party and all reasonable inferences are drawn in that party's favor." *Id.* at 328–29 (citation omitted).

"Louisiana courts employ a risk-utility balancing analysis to determine whether a defect presents an unreasonable risk of harm." *Renwick*, 901 F.3d at 617 (citing *Reed v. Wal-Mart Stores, Inc.*, 708 So. 2d 362, 365 (La. 1998)).  A "pertinent factor[]" to this analysis is "the likelihood and magnitude of harm, including the obviousness and apparentness of the condition." *Broussard v. State ex rel. Off. of State Bldgs.*, 113 So. 3d 175, 184 (La. 2013) (citing cases).  "Under Louisiana law, a defendant generally does not have a duty to protect against an open and obvious hazard." *Id.* (citation omitted).

Whether a defect presents an unreasonable risk of harm is an "issue of mixed fact and law or policy that is peculiarly a question for the jury or trier of the facts." *Renwick*, 901 F.3d at 617 (citation and internal quotation marks omitted).  Importantly, however, "the unreasonable harm determination *may*

be subject to summary judgment 'in cases where the plaintiff is unable to produce factual support for his or her claim that a complained-of condition or thing is unreasonably dangerous.'" *Id.* (quoting *Allen v. Lockwood*, 156 So. 3d 650, 653 (La. 2015)) (emphasis in original). As the district court here correctly determined, summary judgment is appropriate because there is no genuine dispute of material fact that the condition of the concrete steps was "open and obvious" and therefore not unreasonably dangerous.

Douglas argues the following evidence supports his claim that the defect presented an unreasonable risk of harm and was not open and obvious: (1) photographs of the steps and retaining wall; (2) deposition testimony from Defendants' property manager; (3) deposition testimony from Defendants' expert; and (4) Douglas' expert's report. Viewed in the light most favorable to Douglas, however, this evidence does not create a genuine dispute of material fact regarding whether the alleged defect in the steps was open and obvious.

First, the photographs clearly show that the condition presented by the steps and the surrounding area is obvious and apparent. At his deposition, Douglas identified the place where he fell by hand-marking a photograph of the steps. He testified that he was walking on the right side of the steps and that his foot was on both concrete and grass when it got stuck, causing him to fall. In his opposition to Defendants' motion for summary judgment and on appeal, however, he asserted that the "chipped block" of the retaining wall abutting the concrete steps that he identified at his deposition was *not* the defective condition that caused his fall—and, further, he now concedes that the previously-identified condition *was* "obvious." Instead, Douglas now asserts that the defective condition was "a hole in the retaining wall and the nail protruding from that hole." Thus, Douglas attempts to argue that there is a genuine dispute regarding the "nature" of the defect which precludes summary judgment. We agree with the district

court that Douglas' attempt to re-characterize his testimony and the nature of the condition does not create a fact issue. *See Badeaux v. Louisiana-I Gaming,* No. 22-30129, 2023 WL 334783, at *2 (5th Cir. Jan. 20, 2023) (explaining that a sprinkler head was an "open and obvious" hazard because "multiple photographs" showed that "the sprinkler head was located in a grassy, landscaped area that was separated from the parking lot by a raised curb" and "there were working lights in the parking lot on the night of [plaintiff's] fall"). Moreover, the photographs do not provide factual support for his assertion that a nail was "protruding" from a hole into the path of egress.

Second, Douglas argues that deposition testimony from Defendants' property manager that she never noticed a problem with the concrete steps "allows one to question whether the defect was open or obvious." But in the same section of his brief, Douglas himself characterizes the property manager's inspections as done in a "cursory manner," and in her testimony the property manager admits that she never performed any close-up inspections of the concrete steps, but instead inspected the property while driving a golf cart. Even viewed in the light most favorable to Douglas, this evidence does not create a genuine dispute of material fact regarding whether any condition was open and obvious.

Last, Douglas points to deposition testimony from Defendants' expert, Hal Cain, that the steps were not constructed pursuant to applicable building codes, and to his expert Fredrick Embaugh's report, which includes the opinion that the steps should have had a handrail and painted markings along the edge of each step. But even if the steps violated the building code, a "technical violation of a [building] code does not necessarily make the thing unreasonably dangerous." *Laffitte v. D&J Com. Properties, LLC,* 278 So. 3d 460, 466 (La. Ct. App. 2019) (citing cases). More to the point, code violations and the absence of a handrail and painted markings does not create

a fact issue as to whether the condition that Douglas identified—the steps, retaining wall, and surrounding area—was open and obvious.

In sum, after a de novo review of the record, we agree with the district court that there is no genuine dispute of material fact that the condition presented was open and obvious and was not unreasonably dangerous. "[O]ne cannot expect paved surfaces of streets, sidewalks, and parking lots to be free of all deviations and defects." *Reed*, 708 So. 2d at 365. "A pedestrian has a duty to see that which should be seen and is bound to observe whether the pathway is clear." *Hutchinson v. Knights of Columbus, Council No. 5747*, 866 So. 2d 228, 235 (La. 2004) (citation omitted). The district court's conclusion that a person exercising ordinary care in descending the steps would not have walked so close to the edge of the steps as to catch their foot on the retaining wall was correct. Because a premises owner "is not liable for an injury which results from a condition which should have been observed by the individual in the exercise of reasonable care," summary judgment for Defendants was appropriate. *Id.*

AFFIRMED.