# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 25-374



**CARLOS CHAPMAN**

**VERSUS**

**THE CITY OF VILLE PLATTE**



**\*\*\*\*\*\*\*\*\*\***

## ON APPLICATION FOR SUPERVISORY WRITS FROM THE
## THIRTEENTH JUDICIAL DISTRICT COURT
## PARISH OF EVANGELINE, NUMBER C-80,768
## HONORABLE CHUCK R. WEST, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## CLAYTON DAVIS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Van H. Kyzar, Guy E. Bradberry, and Clayton Davis, Judges.



**WRIT GRANTED. RELIEF GRANTED AND MADE PEREMPTORY.**

**Randall B. Keiser**
**Matthew L. Nowlin**
**Keiser & Nowlin**
**4615 Parliament Drive, Suite 102**
**Alexandria, LA 71303**
**(318) 443-6168**
**rbkeiser@nowlinlaw.net**
**mnowlin@nowlinlaw.net**
**COUNSEL FOR DEFENDANT/RELATOR:**
    **The City of Ville Platte**

**Donald R. Richard, Jr.**
**Attorney at Law**
**P. O. Drawer 1460**
**Eunice, LA 70535**
**(337) 457-9610**
**donald@drichardlaw.com**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
    **Carlos Chapman**

**DAVIS, Judge.**

It was dark when Carlos Chapman, while minding his own business, fell into a sinkhole on property owned by the City of Ville Platte. He sued the City for his injuries. The City moved for summary judgment, which the trial court denied. The City sought a supervisory writ. We granted the writ application for the limited purpose of briefing and oral argument. La.Code Civ.P. art. 966(H).

## FACTS

Chapman "was walking on the side of Freddie Dunn Street . . . when suddenly and without warning a large area of the ground, in the form of a sink hole [sic], gave way beneath him causing him to fall inside the sink hole [sic] []" and sustain injuries. He claimed the sinkhole existed and continued to deteriorate at the City's water pump station before his accident. Chapman claimed the City knew of the sinkhole but failed to repair it or warn the public.

After Chapman did not appear at the trial set for October 25, 2025, the City filed a Motion for Summary Judgment asserting he had no evidence that the City had actual or constructive knowledge of the sinkhole that appeared "'suddenly and without warning[.]'" Thus, Chapman could not establish the required duty element of his claim.

Alternatively, the City sought partial summary judgment regarding Chapman's alleged neck injuries. The City alleged Chapman could not link that injury to the sinkhole incident because his doctor could not specifically attribute causation to this accident as opposed to a later incident where Chapman was allegedly attacked and hit in the head with a pipe.

Chapman filed an opposition to the motion for summary judgment and served the City via email. However, the email did not include the exhibits referenced in the opposition. Chapman's counsel said he would send a separate email with the

exhibits, but he did not do so until after the fifteen-day deadline for serving the motion and exhibits had run. The City moved to strike the exhibits as untimely served based on La.Code Civ.P. art. 966(B)(2).

At the hearing, the trial court allowed Chapman's exhibits into evidence over the City's objections and denied the City's motion to strike. The trial court then denied the City's motion and alternative motion for summary judgment based largely on Chapman's exhibits. The City asks this court to reverse the trial court and grant its motions.

## **DISCUSSION**

We review the trial court's denial of the City's motion to strike under the abuse of discretion standard. *Burton v. Aspen Am. Ins. Co.*, 23-380 (La.App. 5 Cir. 3/27/24), 384 So.3d 1130. We review the trial court's denial of the City's summary judgment motions de novo. *Hood v. Sasol Chems. (USA) LLC*, 23-379 (La.App. 3 Cir. 5/1/24), 389 So.3d 881. Specifically, we determine whether the "pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records" and other properly considered documents demonstrate any genuine issue of material fact and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966.

*Motion to Strike*

The City argues Chapman's exhibits should have been stricken from evidence and not considered because they were not timely served. Louisiana Code of Civil Procedure Article 966(B)(2) (emphasis added) states that "**any opposition** to the motion and all documents in support of the opposition **shall be** filed ***and*** **served** in accordance with Article 1313(A)(4) not less than fifteen days prior to the hearing on the motion." Subparagraph (B)(5) provides in mandatory language that the court shall not "consider any documents filed after" the deadline in Subparagraph (B)(2).

The City's motion for summary judgment was set for hearing on April 30, 2025. Under La.Code Civ.P. art. 966 (B)(2), Chapman had to file *and* serve his opposition and supporting documentation no later than Tuesday, April 15. He met only the filing deadline for his opposition and exhibits.

At 4:56 p.m. on April 15 Chapman's counsel sent an email to the City's counsel stating in part, "Attached please find my Memorandum in Opposition to the Motion for Summary Judgment. . . . The exhibits will be sent in a separate email." But he did not send that "separate email" until Wednesday, April 16 at 8:32 a.m., after the City's counsel sent an email that morning "checking on the status of the exhibits to [Chapman's] opposition."

At the hearing, Chapman's counsel explained that when he was initially retained to represent his client, the City's counsel provided him with copies of all depositions and medical records relevant to the case. He referred to those documents in his opposition to the City's motions. He argued that because the referenced documents were already in the City's possession, the City was not prejudiced by their omission from the first email sending the opposition. Counsel noted the exhibits were timely filed into the record.

The trial court denied the motion to strike and noted the cases on which the City relied involved only filing and not service. It further stated that despite the perceived technicality, the court "has to do justice too," "we're talking about a discovery issue," "[t]here's no prejudice[,]" and the City's counsel already had the documents in his file.

The first circuit addressed both filing and service in *McDonald v. D'Amico*, 23-884 (La.App. 1 Cir. 3/22/24), 385 So.3d 1162, *writ denied*, 24-444 (La. 6/19/24), 386 So. 3d 674. The defendants timely filed their opposition and supporting documents but did not timely serve all the supporting documents. The court noted

3

the "shall be served" requirement of La.Code Civ.P. art. 966(B)(2) and refused to consider the supporting documents that were not served.

"Shall" is mandatory language. La.Code Civ.P. art. 5053. As the Supreme Court has made plain, "the word 'shall' excludes the possibility of being 'optional' or even subject to 'discretion,' but instead means 'imperative, of similar effect and import with the word "must."'" *Auricchio v. Harriston*, 20-1167, p. 4 (La. 10/10/21), 332 So.3d 660, 663. Louisiana Code of Civil Procedure Article 966(B)(2) is clear that any opposition to a summary judgment motion and its supporting documents shall be served no later than fifteen days prior to the hearing on the motion. These documents were not timely served. Whether the City was prejudiced by the late service of the exhibits is irrelevant. *Auricchio*, 332 So.3d 660.

We find the trial court abused its discretion when it considered the attachments to Chapman's opposition and denied the City's motion to strike them from evidence. Accordingly, we reverse the trial court's denial of the City's motion to strike and review the City's motion for summary judgment de novo without consideration of the untimely-submitted exhibits.

*Motion for Summary Judgment*

Summary judgment is proper when "the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). The City, as the party seeking summary judgment, bears the burden of proof in the motion. La.Code Civ.P. art. 966(D)(1).

> [O]nce a defendant points out a lack of factual support for an essential element in the plaintiff's case, the burden then shifts to the plaintiff to come forward with evidence (by affidavit, deposition, discovery response, or other form sanctioned by La.Code Civ. P. arts. 966 and 967) to demonstrate that he or she would be able to meet his or her burden at trial.

*Allen v. Lockwood*, 14-1724, pp. 4–5 (La. 2/13/15), 156 So.3d 650, 653 (per curiam).

> In order to establish liability under La.R.S. 9:2800, the supreme court has held that a plaintiff must prove: "(1) custody or ownership of the defective thing by the public entity; (2) the defect created an unreasonable risk of harm; (3) the public entity had actual or constructive notice of the defect; (4) the public entity failed to take corrective action within a reasonable time; and (5) causation." *Chambers v. Village of Moreauville*, 11-898, p. 5 (La. 1/24/12), 85 So.3d 593, 597. The failure to establish any one of the elements will defeat a claim under La.R.S. 9:2800 against a public entity. *Walters v. City of W. Monroe*, 49,502 (La.App. 2 Cir. 2/4/15), 162 So.3d 419, *writ denied*, 15-440 (La. 5/15/15), 170 So.3d 161.

> Constructive notice is defined as "the existence of facts which infer actual knowledge." La.R.S. 9:2800(D).

> . . . .

> This court has held that a public entity is deemed to have constructive notice of a defect when the defect has existed for such a period of time that the public entity should have discovered it by the exercise of ordinary care and had the opportunity to protect the public from injury by fixing the defect. *Scott v. Lafayette Consol. Gov't-Risk Mgmt. Div.*, 10-716 (La.App. 3 Cir. 12/8/10), 52 So.3d 1068.

*Tanner v. Lafayette City-Parish Consolidated Government*, 18-900, pp. 2–3 (La.App. 3 Cir. 5/22/19), 273 So.3d 382, 384.

The City contends it did not have actual or constructive knowledge that a sinkhole would "suddenly and without warning" appear on the solid ground on which Chapman walked. Thus, Chapman cannot satisfy the duty element of his negligence claim.

Excerpts from Chapman's deposition, submitted in support of the City's motion, showed the accident occurred after dark as Chapman walked along Freddie Dunn Street. He testified, "I was just walking, and all of the sudden the ground just collapsed from under me." Further describing the incident, Chapman testified, "I didn't step in no [sic] hole. . . . I don't [sic] step in a hole. Whenever I walked on the ground, solid ground, it collapsed with me." He explained how the hole formed on the side of the road, not in the pavement. The ground was dry, and no rain had fallen.

5

Chapman indicated the ground was solid, and it collapsed as he walked on it. The hole was big enough for Chapman to be "in it[]" after the ground gave way. Chapman did not know how long the hole had existed before he fell into it, what had caused it, or whether the City had made any efforts to fix it.

In *Blevins v. East Baton Rouge Parish Housing Authority*, 15-896 (La.App. 1 Cir. 3/22/16) (unpublished opinion), 2016 WL 1135453, *writ denied*, 16-602 (La. 5/20/16), 191 So.3d 1068, the plaintiff sustained an injury when he stepped into a hole hidden by grass. The first circuit affirmed the summary judgment in favor of the Housing Authority, a public entity, because the plaintiff failed to present evidence showing it had constructive notice of the hole at issue. The plaintiff testified he had been on the property several times prior to the accident, and he had tried to avoid an area with large sinkholes. Although the grass was eight to nine inches high and the plaintiff had never seen the grass mowed, he had never complained about the condition of the property. He also testified that, even if the grass had been cut, the hole may not have been obvious. He had no knowledge of what caused the hole. The *Blevins* court found the defendant sufficiently refuted the element of constructive knowledge and found summary judgment dismissal was appropriate.

Here, based on the facts and allegations of Chapman's petition, we conclude the sinkhole was not and could not have been present prior to his accident because it appeared "suddenly and without warning." Chapman testified he was walking on solid ground that gave way when he stepped on it. The City could not have actual or constructive knowledge of a sinkhole that did not previously exist.

## DECREE

We find the trial court erred in denying the City of Ville Platte's objection to the untimely served exhibits submitted in the plaintiff's opposition to the City's

motion for summary judgment. We further find the trial court erred in denying the motion for summary judgment. Accordingly, we grant the City's writ application, make our ruling peremptory, and render judgment in favor of the City, dismissing the plaintiff's claims against the City, with prejudice. Costs of this proceeding are assessed against the plaintiff, Carlos Chapman.

**WRIT GRANTED. RELIEF GRANTED AND MADE PEREMPTORY.**