WALTER J. ROTHSCHILD, Judge.
| ¡.Plaintiff appeals from a judgment rendered against him in this personal injury action. For the reasons stated herein, we affirm.
On December 27, 2005, Gordon E. Handy filed this suit against the City of Kenner and Second Harvest Food Bank of Greater New Orleans and Acadiana and its insurer seeking damages for injuries he sustained on February 14, 2005 while on the food bank premises. Plaintiff alleges that the building which housed the food bank was owned by the City of Kenner, and he alleges he struck his head on the bottom portion of a stairwell while exiting the premises. He contends that defendants are liable for negligence and strict liability, and he prayed for trial by jury. The request for jury trial was subsequently struck, and plaintiffs claims proceeded to a bench trial on July 7, 2011. The matter was taken under advisement, and judgment with reasons was rendered on September 30, 2011 in favor of defendant, the City of Kenner, dismissing plaintiffs petition with prejudice. In its reasons for judgment, the trial court found that the stairwell was an open and obvious condition which did not present an unreasonable risk of harm and that plaintiff was therefore not entitled to relief.
| .¡Plaintiff now appeals from this judgment on the basis of two assignments of error. First, plaintiff contends the trial court was clearly wrong in finding that the defect in the stairwell did not present an unreasonable risk of harm. Secondly, he *542 argues that the trial court erred in refusing to let plaintiffs expert testify as to the building code violations which were relevant to plaintiffs case.

Unreasonable Risk of Harm

Generally, the owner or custodian of immovable property has a duty to keep his property in a reasonably safe condition. The owner or custodian must discover any unreasonably dangerous condition on the premises, and either correct the condition or warn potential victims of its existence. Pryor v. Iberia Parish School Board, 101683, p. 3 (La.3/15/11), 60 So.3d 594, 596. In order to impose liability upon a public entity for damages caused by a building or thing, the existence of a defect or condition creating an unreasonable risk of harm must be established. See La. C.C. art. 2317; La. R.S. 9:2800; Chambers v. Village of Moreauville, 11898 (La.1/24/12), 85 So.3d 593. The absence of an unreasonably dangerous condition or defect implies the absence of a duty on the part of the defendant. Broussard v. State Office of State Buildings, 11-479 (La.App. 1 Cir. 3/30/12), 2012 WL 1079182, citing Oster v. Department of Transportation and Development, State of Louisiana, 582 So.2d 1285,1288 (La.1991).
 In determining whether a defect presents an unreasonable risk of harm, the trier of fact must balance the gravity and risk of harm against the individual and societal rights and obligations, the social utility, and the cost and feasibility of repair. Pryor, supra, 10-1683 at p. 3, 60 So.3d at 596 citing Reed, 97-1174 at p. 5, 708 So.2d at 365; Boyle v. Board of Supervisors, 96-1158 (La.1/14/97), 685 So.2d 1080, 1083; In making this determination, courts have adopted a risk-utility ^balancing test. This test encompasses four factors: (1) the utility of the thing; (2) the likelihood and magnitude of harm, which includes the obviousness and appar-entness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiffs’ activities in terms of its social utility, or whether it is dangerous by nature. Pitre v. Louisiana Tech University, 95-1466 (La.5/10/96), 673 So.2d 585, cert. denied, 519 U.S. 1007, 117 S.Ct. 509, 136 L.Ed.2d 399 (1996). see also, Williams v. Leonard Chabert Medical Center, 98-1029, p. 8 (La.App. 1 Cir. 9/26/99), 744 So.2d 206, 211, writ denied, 00-11 (La.2/18/00), 754 So.2d 974.
It is also well-settled that defendants generally have no duty to protect against an open and obvious hazard. If the facts of a particular case show that the complained-of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff. Eisenhardt v. Snook, 08-1287 (La.3/17/09), 8 So.3d 541; Dauzat v. Curnest Guillot Logging, Inc., 08-0528 (La.12/2/08), 995 So.2d 1184. It is the court’s obligation to decide which risks are unreasonable based upon the facts and circumstances of each case. Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364, 1371 (La.1984). The ultimate determination of unreasonable risk of harm is subject to review under the manifest error standard. Reed v. Wal-Mart, Inc., 97-1174 (La.3/4/98), 708 So.2d 362.
The degree to which a danger may be observed by a potential victim is one factor in the determination of whether the condition is unreasonably dangerous. A landowner is not liable for an injury which results from a condition which should have been observed by the individual in the exercise of reasonable care or which was as obvious to a visitor as it was to the landowner. Williams, supra, 98-1029 at 8, 744 So.2d at 211.
|fiIn the present case, the trial court made a finding of fact that the stair *543 well was open and obvious. Like all factual findings, we review a finding of “open and obvious” under the manifest error-clearly wrong standard. Nolan v. Mabray, 10-0373, p. 10 (La.11/30/10), 51 So.3d 665, 672; Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1979); Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). We must determine whether the fact-finder’s conclusion was reasonable. Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 882 (La.1993). Further, a trial court’s findings of fact will not be disturbed unless the record establishes that a factual, reasonable basis does not exist and the finding is clearly wrong or manifestly erroneous. Syrie v. Schilhab, 96-1027 (La.5/20/97), 693 So.2d 1173, 1176.
At trial, Gordon Handy testified that he worked as a diesel mechanic at various jobs for a period of 12-14 years. He stated he was laid off from his job at Avondale in early 2005, and, because he was unemployed, a friend recommended that he visit the food bank in Kenner to pick up supplies. He testified that he went to the food bank in January of 2005 without incident, but he used a separate entrance and exit from the one he used during the accident which is the basis of this lawsuit.
Mr. Handy stated he returned to the food bank on February 14, 2005 for the purpose of getting additional supplies. He stated he signed in at the desk and retrieved a shopping cart and was given several bags of goods which he placed in the shopping cart. As he left the premises through a passageway which he had not previously used, he hit his head on a stairwell, fell and became disoriented. He stated that the stairwell looked like an illusion and he thought he was able to pass through it, but instead he struck it with his head. A young woman helped him up Rand back into the food bank. He attempted to report the incident, but he decided to leave the premises and go home.
Once plaintiff arrived home, he stated he laid down because was feeling poorly and he later called the food bank to discuss the incident. He returned to the food bank the following day and completed an accident report. The food bank was unable to locate the young woman who plaintiff stated witnessed the accident and helped him up. Plaintiff stated he then went to the hospital for his symptoms of neck and shoulder pain, arm pain and headaches. He said an MRI revealed a herniated cervical disc, and that due to his evacuation due to Hurricane Katrina, he resumed his treatment in Shreveport, Louisiana. He stated that he continued treatment until 2008 when he sustained a work-related injury, after which he underwent surgery on his wrists and on his cervical spine. He stated that the subsequent accident in 2008 further aggravated the previous condition of his wrists which began when he fell in the food bank. Plaintiffs medical records were admitted into evidence.
On cross-examination, plaintiff admitted that he listed a name as his wife on answers to interrogatories, but that was actually a mistake. He was married to a different person then the person he listed on the interrogatories. Mr. Handy also stated that names of several people whom he claimed as dependents on his tax returns in 2006-2008 were actually mistakes as they were not his dependents. Mr. Handy’s testimony also contains inconsistencies as to whether his injuries were related to the fall in 2005 or to the subsequent accidents he sustained in 2008. Pleadings in the subsequent litigation for the 2008 accident in which Mr. Handy claims he sustained injury to his neck and wrists were introduced into the record.
*544 Patricia Butler testified that she was a friend of plaintiffs who referred him to the Kenner food bank because she had gone there for years with her mother. [7She stated she has used the passageway under the stairwell many times to exit the food bank and that she has never had a problem with it. She stated she was aware she was walking under a stairwell. She stated that she did not see anything hidden. Ms. Butler stated that on the date of this incident, she loaned plaintiff her car to go to the food bank. Sometime later that day she went to plaintiffs house to check on him and he told her about the accident. She saw dried blood on the top of this head and she told him to go to the doctor.
Gerald Dillenkoffer testified that he was employed by the City of Kenner as assistant director of the public works department. He stated that he inspected the food bank on August 5, 2005 at the request of the mayor’s office. He stated that the clearance for the exit under the stairwell is approximately 6 feet and that there was nothing about it that was difficult to see. He stated the City decided to barricade this entrance and to put up a caution sign.
Diane Plauche testified that she was the supervisor for the Kenner food bank and that it moved to its present location in 2001. Ms. Plauche stated she was not present at the time of plaintiffs accident, but that she filled out an accident report of the occurrence when plaintiff returned to the food bank the following day. She stated that the stairwell in the passageway to exit the premises was not hidden or difficult to see. She also stated she had not recorded any previous complaints about the location of the stairwell.
The record also contains a copy of the incident report for this incident, six photographs of the area where the accident occurred taken several months after the accident, as well as plaintiffs medical records and reports.
In this case, the trial judge had the opportunity to observe the demeanor and assess the credibility of witnesses, review evidence, and make a factual determination as to the course of actions from which the injury arose. See, Rosell, R549 So.2d at 844. The trial judge evaluated the conduct of the plaintiff under the circumstances, and along with the other evidence, which included photographs of the scene, found that the stairwell was open and obvious. “Where two permissible views of the evidence exist, the fact-finder’s choice between them cannot be manifestly erroneous or clearly wrong.” Sto-bart, 617 So.2d at 882-83. While Mr. Handy insisted that the stairwell was not open and obvious to him, the fact-finder had available testimony of others who were familiar with the area as well as photographs taken of the accident scene. Further, the City presented evidence that there had been no prior complaints regarding that the stairwell obstructed the passageway.
Upon review of the evidence presented, particularly the photographs of the accident scene and the testimony of others who were familiar with the accident location, we find that the trial judge was not clearly wrong in finding that the stairwell was open and obvious and did not present an unreasonable risk of harm. The stairwell appears to be large and unobstructed and there is no indication from the photographs that anything about the stairwell is hidden. We therefore decline to disturb the trial court’s factual findings, which are supported by a reasonable basis in the record.

Expert Testimony

By his second assignment of error, plaintiff contends that the trial court erred in failing to allow his expert to testi *545 fy as to building code violations. At trial, plaintiff presented the testimony of Ladd Ehlinger, who was qualified as an expert in architecture. Mr. Ehlinger stated that he visited the accident location and measured the clearance under the stairwell in the passageway used by Mr. Handy on the date of the accident. He concluded that the area had insufficient clearance for someone Mr. Handy’s height. However, when plaintiffs counsel asked him 19whether the low clearance was a violation of the applicable building codes, the trial court sustained defendant’s objection and instructed plaintiffs counsel to move on.
We fail to find the trial court abused its discretion in making this ruling. Expert testimony was not required to provide information on whether stairwell violated the building code. Further, the record indicates that defendant stipulated prior to trial that the building in question was built in 1952 and that the clearance under the stairwell was a violation of the 1952 building code at the time it was built. Even if Mr. Ehlinger had testified regarding the code violations, we fail to find that this evidence could substitute for proving the existence of an unreasonable risk of harm. See, Burns v. CLK Investments V. LLC, et al., 10-277, p. 8 (La.App. 4 Cir. 9/1/10), 45 So.3d 1152, 1158, writ denied, 2010-2288 (La.1/7/11), 52 So.3d 886. Based on the record before us, we find that plaintiff failed to meet his burden of proving the stairwell in the passageway presented an unreasonable risk of harm to food bank patrons and the public entity is therefore not liable for his injuries.
Accordingly, for the reasons assigned herein, the judgment of the trial court is affirmed.

AFFIRMED