| MAROLYN MORANGE | NO. 20-CA-386 |
|---|---|
| VERSUS | FIFTH CIRCUIT |
| GWENDOLYN TROXLER AND LARRY TROXLER, JR AND LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY | COURT OF APPEAL |
| | STATE OF LOUISIANA |

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 786-755, DIVISION "B"
HONORABLE CORNELIUS E. REGAN, JUDGE PRESIDING

October 27, 2021

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and Stephen J. Windhorst

**<u>AFFIRMED</u>**
**SJW**
**SMC**
**MEJ**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
MAROLYN MORANGE
    Hilary G. Gaudin
    Elizabeth M. Gaudin

COUNSEL FOR DEFENDANT/APPELLEE,
GWENDOLYN TROXLER, LARRY TROXLER, JR. AND LOUISIANA FARM
BUREAU CASUALTY COMPANY
    Nicholas C. Gristina
    Gordon P. Guthrie, III
    Andrew G. West

**WINDHORST, J.**

Appellant, Marolyn Morange, appeals the trial court's July 25, 2020 judgment granting summary judgment in favor of appellees, Gwendolyn and Larry Troxler, Jr., and Louisiana Farm Bureau Casualty Insurance Company, and dismissing appellant's claims with prejudice.[1] For the following reasons, we affirm.

## FACTUAL and PROCEDURAL BACKGROUND

On August 17, 2018, appellant filed a petition for damages alleging that she sustained injuries on August 17, 2017 when she fell down her apartment staircase on property owned by the Troxlers.[2] Appellant alleged that the staircase was defective and unreasonably dangerous.

On March 3, 2020, appellees filed a motion for summary judgment contending that no duty was owed to appellant because the condition of the staircase was open and obvious to all, and appellant was further aware of the staircase's condition because she had traversed it successfully for over four years prior to this accident.[3] In support of their motion for summary judgment, appellees submitted evidence, including Ms. Morange's deposition, that the condition of the staircase was open and obvious. In her deposition, Ms. Morange testified that she lived in the upstairs apartment for over four years; that she was aware of the varying heights of the steps; that the condition of the staircase was open and obvious to all; that she was aware of

---

[1] The trial court issued written reasons for judgment on September 30, 2020.

[2] This is appellant's second lawsuit against the appellees involving the same staircase. In the first suit (Marolyn Morange v. Gwendolyn Troxler, *et al*, Twenty-fourth Judicial District Court, case No. 782-131, Div. "J"), appellant contended that on April 21, 2017, she sustained injuries falling down the same staircase. The trial court in that case granted the same appellees' motion for summary judgment, dismissing appellant's claims with prejudice on finding that the condition of the staircase was open and obvious. Ms. Morange did not appeal the trial court's judgment in the first suit.

Appellant's live-in boyfriend, Jose Araujo, also filed a separate lawsuit (Jose Araujo v. Gwendolyn Troxler, *et al*, Twenty-fourth Judicial District Court, case No. 786-850, Div. "F") against the same appellees alleging injuries from falling down the same staircase. The trial court likewise granted the same appellees' motion for summary judgment, dismissing Mr. Araujo's claims with prejudice, finding that the condition of the staircase was open and obvious. This Court affirmed the trial court's judgment on appeal. Araujo v. Troxler, 20-328 (La. App. 5 Cir. 02/24/21), 315 So.3d 385.

[3] In support of their motion, appellees attached the following exhibits: (1) Ms. Morange's January 16, 2020 deposition; (2) the September 10, 2019 judgment dismissing Ms. Morange's claims against appellees with prejudice in her first suit; and (3) the August 30, 2019 transcript of the appellees' motion for summary judgment in the first suit.

the condition of the staircase soon after she moved into the apartment; and that she successfully traversed the staircase without incident for over four years prior to this incident. She further testified that at the time of this accident, she was descending the staircase, lost her balance, and fell.

In opposition, appellant argued that the open and obvious doctrine does not apply under the facts of this case wherein Mr. Troxler acknowledged and warned her of the dangerous condition of the staircase. She further contended that in addition to the varying heights of the steps on the staircase making it a hazardous condition, the steps did not meet code requirements and therefore the staircase was unreasonably dangerous. Citing Broussard v. State ex re. Office of State Buildings, 12-1238 (La. 04/05/13), 113 So.3d 175, appellant contended that the open and obvious doctrine cannot be applied to undermine Louisiana's comparative fault regime.[4] She argued that her knowledge or awareness of the risk created by appellees' conduct cannot operate as a bar to recovery, and that comparative fault principles apply, with her awareness of the danger as only one factor when assigning fault. She also contended that the question of whether a defect presents an unreasonable risk of harm is a mixed question of law and fact to be determined by the trier of fact. "Whether a defect presents an unreasonable risk of harm is 'a matter wed to the facts' and must be determined in light of facts and circumstances of each particular case." Broussard, 113 So.3d at 183.

After a contradictory hearing, the trial court granted appellees' motion for summary judgment, dismissing appellant's claims with prejudice. This appeal followed.

---

[4] In opposition, appellant attached the following exhibits: (1) Ms. Morange's January 16, 2020 deposition; and (2) the affidavit of Kevin Glidewell with attached photographs.

**LAW and ANALYSIS**

On appeal, plaintiff/appellant argues that the trial court erred in applying the open and obvious doctrine to this case because Mr. Troxler had warned her of the hazardous condition of the staircase, and therefore appellant's potential knowledge of the hazard is not in question. Appellant argues that given appellee's warning and the holding in Broussard, the trial court erred in granting summary judgment without considering appellees' fault under comparative fault principles.

A motion for summary judgment must be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 A(3). Appellate courts review a judgment granting a motion for summary judgment *de novo* using the same criteria that govern the trial court's determination of whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Faciane v. Golden Key Div. Ltd. P'ship, 17-636 (La. App. 5 Cir. 05/23/18), 249 So.3d 230, 233; Phipps v. Schupp, 09-2037 (La. 07/06/10), 45 So.3d 593, 597.

The initial burden is on the mover to show that no genuine issue of material fact exists. La. C.C.P. art. 966 D(1). If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Id. The nonmoving party must then produce factual support to establish that she will be able to satisfy her evidentiary burden of proof at trial. Id. If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. Holmes v. Paul, 19-130 (La. App. 5 Cir. 10/02/19), 279 So.3d 1068, 1072.

A landowner owes a duty to a plaintiff to discover any unreasonably dangerous conditions, and to either correct the condition or warn of its existence.

Eisenhardt v. Snook, 08-1287 (La. 03/17/09), 8 So.3d 541, 544.  Nonetheless, a defendant generally does not have a duty to protect against that which is obvious and apparent.  Bufkin v. Felipe's Louisiana, LLC, 14-288 (La. 10/15/14), 171 So.3d 851, 856.  In order for a hazard to be considered obvious and apparent, the hazard should be one that is open and obvious to everyone who may potentially encounter it.  Id.; Broussard, 113 So.3d at 184; Hutchinson v. Knights of Columbus, Council No. 5747, 03-1533 (La. 02/20/04), 866 So.2d 228, 234.  If the facts of a particular case show that the condition complained of should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff.  Dauzat v. Curnest Guillot Logging Inc., 09-528 (La. 12/02/08), 995 So.2d 1184, 1186 (*per curiam*).

The degree to which a danger may be observed by a potential victim is one factor in the determination of whether the condition is unreasonably dangerous.  Id.  A landowner is not liable for an injury which results from a condition which should have been observed by the individual in the exercise of reasonable care, or which was as obvious to a visitor as it was to the landowner.  Hutchinson, 866 So.2d at 234; Handy v. City of Kenner, 12-135 (La. App. 5 Cir. 06/28/12), 97 So.3d 539, 542.  Summary judgment is not precluded in cases where the plaintiff is unable to produce factual support for his claim that a complained of condition is unreasonably dangerous.  Allen v. Lockwood, 14-1724 (La. 02/13/15), 156 So.3d 650, 652.

Based on the evidence submitted by appellees, it is undisputed that (1) the Troxlers, as landlords, were the owners/custodians of the staircase leading to Ms. Morange's apartment; (2) Ms. Morange lived in the apartment for over four years prior to this incident; (3) Ms. Morange testified that the condition of the staircase was open and obvious to all; (4) Ms. Morange testified that she was aware of the condition of the staircase soon after moving into the apartment; and (5) Ms. Morange testified that when she moved in, Mr. Troxler told her to be careful using the stairs.

Considering these undisputed facts, appellees put forth evidence that the condition of the staircase was open and obvious, and that they owed no duty to appellant.

Once appellees demonstrated that appellant would be unable to bear her burden of proving an essential element of her claim, *i.e.*, that the Troxlers owed her a duty, then the burden shifted to appellant to show that she would be able to meet her burden at trial. Bufkin, 171 So.3d at 858.

In opposition to appellees' motion for summary judgment, appellant argued that the open and obvious doctrine was a "nonissue" because Mr. Troxler warned her many times about the dangerous condition of the staircase. She testified that despite her requests to fix the staircase, it was not fixed. Based on this warning, appellant argued that this case involves a situation of comparative fault, which is not appropriate for summary judgment. In support, appellant cited Broussard, *supra*, contending that the Louisiana Supreme Court held that the open and obvious doctrine does not take the place of an appropriate proper comparative fault analysis. Appellant argued that if the steps were hazardous and she had been warned, "perhaps she was careless going up-and-down the steps. Perhaps she was. That is not a determination for this arena."

Contrary to appellant's argument, the Louisiana Supreme Court clarified its holding in Broussard in several subsequent opinions stating that absent a material factual issue, summary judgment is appropriate to determine whether a condition is open and obvious and thus does not present an unreasonable risk of harm. See Bufkin, *supra*; Rodriquez v. Dolgencorp, LLC, 14-1725 (La. 11/14/14), 152 So.3d 871 (*per curiam*); Allen, *supra*. In clarifying Broussard, the Court in Allen stated:

> Notably, Broussard was a three-day jury trial involving a fact-intensive determination as to whether the defect posed an unreasonable risk of harm or constituted an open and obvious defect. The jury returned a verdict in favor of Broussard. The First Circuit Court of Appeal reversed on grounds of manifest error because it found the defect was open and obvious. This Court reversed finding no manifest error in the jury's determination. We resolved the issue

under the risk-utility balancing test. Our comments under this discussion clearly pertained to cases that were tried either by judge or jury. Broussard did not involve summary judgment practice nor did our discussion infer that issues of this nature must be determined by a trial. Any reading of Broussard interpreting it as a limit on summary judgment practice involving issues of unreasonable risk of harm *is a misinterpretation* of the Broussard case. [Emphasis added.]

Allen, 156 So.3d at 652-653. The Allen Court further explained:

In Bufkin, we clarified our holding in Broussard, stating "[Broussard] should not be construed as precluding summary judgment when no legal duty is owed because the condition encountered is obvious and apparent to all and not unreasonably dangerous." Further we explained that once a defendant points out a lack of factual support for an essential element in the plaintiff's case, the burden then shifts to the plaintiff to come forward with evidence (by affidavit, deposition, discovery response, or other form sanctioned by La. Code Civ. P. arts. 966 and 967) to demonstrate that he or she would be able to meet his or her burden at trial. As Bufkin demonstrated, "our jurisprudence does not preclude the granting of a motion for summary judgment in cases where the plaintiff is unable to produce factual support for his or her claim that a complained-of condition or things is unreasonably dangerous." Rather, in such a procedural posture, the court's obligation is to decide "if there [is] a genuine issue of material fact as to whether the [complained-of condition or thing] created an unreasonable risk of harm." (Internal citations omitted.)

Id. at 653.

Considering the Supreme Court's clarification that summary judgment is not precluded when no legal duty is owed due to an open and obvious condition, and the plaintiff fails to produce evidence that shows she can meet her burden at trial, we find appellant's interpretation of and reliance on Broussard to be erroneous.

With regard to appellant's contention that Mr. Troxler "warned" her that the staircase was unreasonably dangerous, a thorough review of Ms. Morange's deposition shows that Mr. Troxler only told her to "be careful" on the staircase. A mention by Mr. Troxler to be careful on the staircase is not necessarily a warning. Appellant has therefore not shown that she can offer any evidence or law to support her contention that Mr. Troxler's statement was the equivalent of a warning.

Regardless, even if we would find appellee's statement to be a "warning," it would tend to *support* appellees' indisputable claim that the condition of the staircase was open and obvious to all. Ms. Morange testified in her deposition that she was aware of and extremely familiar with the condition and varying heights of the steps on the staircase. She used "caution" when traversing the staircase, and she successfully did so numerous times over four years without incident.[5]

Appellant also argued that because the staircase did not meet applicable code requirements, it was unreasonably dangerous. In support of this contention, appellant submitted an affidavit from Kevin Glidewell, a "field investigator of accidents." Mr. Glidewell stated that the width of the steps on the staircase are 9 inches wide, and the "applicable codes require that the treads must be at least eleven (11) inches wide." Upon review, we find this affidavit does not create a genuine issue of material fact or demonstrate that appellant can meet her burden at trial.

First, although Mr. Glidewell concluded that the treads of the steps were two inches short per "applicable codes," the affidavit does not: (1) identify the address where the staircase is located; (2) specify which code or codes Mr. Glidewell used to reach his conclusion or whether those codes are applicable to this staircase; nor (3) conclude that this code violation makes the staircase unreasonably dangerous. Additionally, we do not find that the photographs attached to the affidavit show that the staircase is unreasonably dangerous.

Secondly, compliance with building codes is only one factor to be considered in determining premise liability. Primeaux v. Best Western Plus Houma Inn, 18-841 (La. App. 1 Cir. 02/28/19), 274 So.3d 20, 30; Calcagno v. Kuebel, Fuchs Partnership, 01-691 (La. App. 5 Cir. 11/14/01), 802 So.2d 746, 751. Moreover, evidence that a condition violates an applicable code is less relevant when the condition is open and

---

[5] Ms. Morange also confirmed in her deposition that the condition of the staircase and the location of her fall in this case were the same as in her first suit which was previously dismissed.

obvious. <u>Primeaux</u>, 274 So.3d at 30; <u>Eskine v. City of Gretna</u>, 17-542 (La. App. 5 Cir. 03/14/18), 240, So.3d 338; <u>Araujo</u>, <u>supra</u>.

Upon *de novo* review of the memoranda in support of and in opposition to the motion for summary judgment and the exhibits attached thereto, we find that no genuine issue of material fact exists, and that appellees are entitled to judgment as a matter of law. Based on the undisputed facts, the Troxlers did not owe appellant a duty because the condition of the staircase was open and obvious. Once the burden shifted, appellant failed to submit evidence to show that she could meet her burden at trial. Ms. Morange acknowledged that she was aware of the need to exercise caution on the staircase, and that she used the staircase for over four years without incident. She testified that she descended the staircase on this occasion, lost her balance, and fell. Accordingly, we find no error in the trial court's ruling granting appellees' motion for summary judgment.

**DECREE**

For the above reasons, we affirm the trial court's July 25, 2020 judgment granting summary judgment in favor of appellees, Gwendolyn and Larry Troxler, Jr. and Louisiana Farm Bureau Casualty Insurance Company, dismissing appellant, Marolyn Morange's claims against appellees with prejudice. The costs of this appeal are assessed against appellant.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **OCTOBER 27, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**20-CA-386**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE CORNELIUS E. REGAN (DISTRICT JUDGE)
HONORABLE R. CHRISTOPHER COX, III (DISTRICT JUDGE)
ANDREW G. WEST (APPELLEE)          LEANDRO R. AREA (APPELLEE)          NICHOLAS C. GRISTINA (APPELLEE)

**MAILED**
ELIZABETH M. GAUDIN (APPELLANT)          GORDON P. GUTHRIE, III (APPELLEE)
HILARY G. GAUDIN (APPELLANT)             MATTHEW R. FEIGLER (APPELLEE)
ATTORNEYS AT LAW                         ATTORNEYS AT LAW
1088 FOURTH STREET                       704 CARONDELET STREET
GRETNA, LA 70053                         NEW ORLEANS, LA 70130