SHARON CREAGER

VERSUS

MARRERO LAND AND IMPROVEMENT
ASSOCIATION LIMITED

NO. 21-CA-322

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 798-106, DIVISION "K"
HONORABLE ELLEN SHIRER KOVACH, JUDGE PRESIDING


February 23, 2022


**STEPHEN J. WINDHORST**
**JUDGE**


Panel composed of Judges Jude G. Gravois,
Stephen J. Windhorst, and John J. Molaison, Jr.


**<u>AFFIRMED</u>**
**SJW**
**JGG**
**JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
SHARON CREAGER
    Roy A. Raspanti

COUNSEL FOR DEFENDANT/APPELLEE,
MARRERO LAND & IMPROVEMENT ASSOCIATION, LTD.
    Matthew A. Mang
    Victoria H. Fabre

**WINDHORST, J.**

Appellant, Sharon Creager, seeks review of the trial court's January 15, 2021 judgment granting summary judgment in favor of appellee, Marrero Land & Improvement Association, LTD, and dismissing appellant's claims with prejudice. For the reasons that follow, we affirm.

**PROCEDURAL HISTORY and FACTS**

On November 3, 2018, appellant tripped on the sidewalk curb in front of It's Fashion Metro store in Westwego, fell, and allegedly suffered injuries. Appellant filed a lawsuit against appellee, the owner of the sidewalk curb, asserting a claim that the sidewalk was not properly differentiated from the parking lot. Appellant contended that this was "important" because the "store front was made and assembled specifically to draw one's attention to it." Additionally, appellant claimed that the parking lot nearest the sidewalk was not level which added to the hazardous nature of the sidewalk.

In response and after sufficient discovery, appellee filed a motion for summary judgment arguing that appellant could not meet her burden of proving either that the "red painted" sidewalk curb presented an unreasonable risk of harm because it was open and obvious, or that appellee had actual or constructive knowledge of any alleged harm. Appellee argued that the allegedly hazardous curb was open and obvious because the curb was painted red, making any harm readily apparent to anyone watching where they were going. To support its motion, appellee also relied on appellant's deposition testimony that 1) she did not see the curb at the time of her fall because she was not watching where she stepped; 2) there were no obstacles blocking her path; 3) she had observed and traversed the red-painted curb on numerous occasions prior to her fall, without incident; and 4) she traversed the area subsequent to this accident without incident because she was watching where she walked. Although appellant contended that the red-painted curb was defective

due to "fading" paint, appellee submitted an affidavit stating that the curb was painted annually and that there was red-striped contrast paint present along the surface of the parking lot immediately adjacent to the curb, further highlighting its presence. Based on these facts, appellee argued that the curb at issue was open and obvious.

Appellee also argued that appellant could not show that it had actual or constructive knowledge that the red-painted curb was defective or that any alleged defect created an unreasonable risk of harm. Specifically, the Director of Real Estate for appellee, Vincent Vastola, submitted an affidavit attesting that in the approximately 46-year existence of the red-painted curb, appellee is unaware of any other trips, falls, accidents, injuries, complaints, claims, or lawsuits related to the curb. Appellee further contended that appellant has not retained any expert to opine that the red-painted curb was defective or that the curb *and* the window display created an unreasonable risk of harm, that the curb violated any building codes, or that the curb was otherwise unreasonably dangerous. Moreover, appellee pointed out appellant conceded in her deposition that the red-painted curb was not dangerous in any way, the curb did not pose any danger, she was not looking at the ground or her feet when she was walking, and she was not paying attention at the time she tripped.

In opposition, appellant acknowledged that a "simple red-painted curb" in and of itself, does not create an unreasonable risk of harm. Appellant argued that this case is about a curb *and* a window display in a ladies clothing store, which created an "unusual feature that was involved in the fall" at issue. Counsel for appellant contended that looking at the window display distracted appellant and should be considered as a factor by appellee in assessing the safety of the parking lot. Appellant argued that regardless of any contributing fault on her part, appellee's duty to maintain the property so as to exclude an unreasonable risk of harm is not

measured by any carelessness on her part in disregarding that risk. Thus, appellant claimed that the combination of the faded, red-painted curb *and* the window display created an unreasonable risk of harm. Counsel for appellant argued, but did not submit evidence, that appellant was "distracted" by the window display, that the curb and the window display combined to create an unreasonable risk of harm, that the photographs of the sidewalk curb attached to appellant's deposition showed that it was not painted yearly because it was "faded," and that the sidewalk curb was not painted the same as other businesses.

After an evidentiary hearing, the trial court granted summary judgment in favor of appellee, dismissing appellant's claims. This appeal followed.

**DISCUSSION**

On appeal, appellant contends that the trial court erred in granting summary judgment in favor of appellee. Appellant argues that the faded curb *and* the window display created an unreasonable risk of harm.

A motion for summary judgment must be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 A(3). Appellate courts review a judgment granting a motion for summary judgment *de novo* using the same criteria that govern the trial court's determination of whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Faciane v. Golden Key Div. Ltd. P'ship, 17-636 (La. App. 5 Cir. 05/23/18), 249 So.3d 230, 233; Phipps v. Schupp, 09-2037 (La. 07/06/10), 45 So.3d 593, 597.

The initial burden is on the mover to show that no genuine issue of material fact exists. La. C.C.P. art. 966 D(1). If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or

defense. Id. The nonmoving party must then produce factual support to establish that she will be able to satisfy her evidentiary burden of proof at trial. Id. If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. Allday v. Newpark Square I Office Condominium Association, Inc., 20-358 (La. App. 5 Cir. 08/18/21), 327 So.3d 566.

Appellant's claim is governed by La. C.C. art. 2317.1, premises liability, which provides:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of *res ipsa loquitur* in an appropriate case.

Thus, to establish a premises liability claim, appellant must show that the thing was in the defendant's custody,[1] that the thing contained a defect which presented an unreasonable risk of harm to others, that this defective condition caused the damage, and that the defendant knew or should have known of the defect. Id.; Taylor v. Chipotle Mexican Grill, Inc., 18-238 (La. App. 5 Cir. 12/27/18), 263 So.3d 910, 914.

In considering whether a condition is unreasonably dangerous, courts apply a risk-utility balancing test, including the following factors: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of the harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of societal utility or whether the activities were dangerous by nature. Bufkin v. Felipe's Louisiana, LLC, 14-288 (La. 10/15/14), 171 So.3d 851, 856; Broussard v. State ex re. Office of State Buildings, 12-1238 (La. 04/05/13), 113 So.3d 175, 184.

---

[1] Defendant's custody or garde over the parking lot and curb is not contested.

The second prong of the risk-utility inquiry focuses on whether the dangerous or defective condition is obvious and apparent. Broussard, 113 So.3d at 184. Generally, a defendant generally does not have a duty to protect against that which is obvious and apparent. Bufkin, 171 So.3d at 856. In order for a hazard to be considered obvious and apparent, the hazard should be one that is open and obvious to everyone who may potentially encounter it. Id.; Broussard, 113 So.3d at 184; Caserta v. Wal-Mart Stores, Inc., 12-853 (La. 06/22/12), 90 So.3d 1042, 1043 (*per curiam*); Hutchinson v. Knights of Columbus, Council No. 5747, 03-1533 (La. 02/20/04), 866 So.2d 228, 234. If the facts of a particular case show that the condition complained of should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff. Eisenhardt v. Snook, 08-1287 (La. 03/17/09), 8 So.3d 541; Dauzat v. Curnest Guillot Logging Inc., 08-528 (La. 12/02/08), 995 So.2d 1184, 1186 (*per curiam*).

With regard to the alternate element of knowledge, a plaintiff must prove that the defendant had actual or constructive knowledge of the vice or defect. Thibodeaux v. Allstate Insurance Company, 19-458 (La. App. 5 Cir. 03/20/20), 293 So.3d 797, 805. The concept of constructive knowledge imposes a reasonable duty to discover apparent defects in things under the defendant's garde. Id. Constructive knowledge can be found if the conditions that caused the injury existed for such a period of time that those responsible, by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from injury. Id.; Boutin v. Roman Catholic Church of Dioceses of Baton Rouge, 14-313 (La. App. 5 Cir. 10/29/14), 164 So.3d 243, 246-247, writ denied, 14-2495 (La. 02/13/15), 159 So.3d 469.

In a trip and fall case, the duty is not solely with the landowner. Hutchinson, 866 So.2d at 235. An accident, alone, does not support the imposition of liability, particularly considering the normal hazards pedestrians face while traversing

sidewalks and parking lots in this state. <u>Williams v. Leonard Chabert Medical Center</u>, 98-1029 (La. App. 1 Cir. 09/26/99), 744 So.2d 206, 211, <u>writ denied</u>, 00-11 (La. 02/18/00), 754 So.2d 974. A pedestrian has a duty to see what should be seen and is bound to observe whether the pathway is clear. <u>Hutchinson</u>, 866 So.2d at 235. The degree to which a danger may be observed by a potential victim is one factor in the determination of whether the condition is unreasonably dangerous. <u>Id.</u> A landowner is not liable for an injury which results from a condition which should have been observed by the individual in the exercise of reasonable care, or which was as obvious to a visitor as it was to the landowner. <u>Id.</u>; <u>Handy v. City of Kenner</u>, 12-135 (La. App. 5 Cir. 06/28/12), 97 So.3d 539, 542.

Summary judgment is not precluded in cases where the plaintiff is unable to produce factual support for his claim that a complained of condition is unreasonably dangerous. <u>Ludlow v. Crescent City Connection Marine Division</u>, 15-1808 (La. 11/16/15), 184 So.3d 21; <u>Allen v. Lockwood</u>, 14-1724 (La. 02/13/15), 156 So.3d 650, 652; <u>Rodriguez v. Dolgencorp, LLC</u>, 14-1725 (La. 11/14/14), 152 So.3d 871, 872 (*per curiam*). Therefore, summary judgment is proper when no legal duty is owed because the condition encountered is obvious and apparent to all and not unreasonably dangerous. <u>Primeaux v. Best Western Plus Houma Inn</u>, 18-841 (La. App. 1 Cir. 02/28/19), 274 So.3d 20, 29, <u>citing</u> <u>Williams v. Liberty Mut. Fire Ins. Co.</u>, 16-996 (La. App. 1 Cir. 03/13/17)217 So.3d 421, 423, <u>writ denied</u>, 17-624 (La. 06/05/17), 219 So.3d 338.

Here, it is undisputed that the sidewalk curb in question was painted red and the parking lot immediately adjacent to the curb had red-striped contrast paint. Appellant only argued, without supporting evidence and/or expert testimony, that the red paint on the curb was "faded," and that the faded curb *and* the window display, which was allegedly distracting, created an unreasonable risk of harm.

Appellant's deposition testimony also supports that the red-painted curb and/or the red-painted curb *and* the window display were open and obvious. Appellant's testimony established that 1) she did not see the curb at the time of her fall because she was not watching where she stepped; 2) there were no obstacles blocking her path; 3) she had observed and traversed the red-painted curb on numerous occasions prior to her fall, without incident; 4) she successfully traversed the area subsequent to this accident without incident because she was watching where she walked; and 5) that the curb was not unreasonably dangerous nor did it pose any danger.

The evidence further established that appellee did not have actual or constructive knowledge of any alleged defect because in the 46 years of the curb's existence, appellee is unaware of any other trips, falls, accidents, injuries, complaints, claims, or lawsuits related to the curb other than appellant's trip and fall. Additionally, the undisputed evidence showed that the curb was painted annually.

Therefore, upon *de novo* review of the record, we find that no genuine issue of material fact exists, and that appellee is entitled to judgment as a matter of law. Based on the undisputed facts, appellee did not owe appellant a duty because the condition of the sidewalk curb was open and obvious, and appellee established it had no knowledge of the alleged defect. *See* Williams, *supra*; Primeaux, supra. Appellee is only required to show an absence of factual support for one or more elements essential to appellant's premises liability claim. The burden then shifted to appellant to provide evidence that she could satisfy her evidentiary burden of proof at trial. Once the burden shifted, appellant failed to submit any evidence to show that she could meet her burden at trial. Accordingly, we find no error in the trial court's ruling granting appellee's motion for summary judgment.

**DECREE**

For the foregoing reasons, we affirm the trial court's January 15, 2021 judgment granting summary judgment in favor of appellee, Marrero Land & Improvement Association, LTD, and dismissing appellant, Sharon Creager's claims against appellee with prejudice.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



**FIFTH CIRCUIT**
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **FEBRUARY 23, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**21-CA-322**

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE ELLEN SHIRER KOVACH (DISTRICT JUDGE)
MATTHEW A. MANG (APPELLEE)

### MAILED
ROY A. RASPANTI (APPELLANT)
ATTORNEY AT LAW
110 VETERANS BOULEVARD
SUITE 360
METAIRIE, LA 70005

VICTORIA H. FABRE (APPELLEE)
ATTORNEY AT LAW
400 POYDRAS STREET
SUITE 2300
NEW ORLEANS, LA 70130