LESLIE MENTEL

VERSUS

IRIS BALTZ MARGAVIO WIFE OF/AND
TODD MICHAEL MARGAVIO AND XYZ
INSURANCE COMPANY

NO. 21-CA-739

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 801-173, DIVISION "P"
HONORABLE LEE V. FAULKNER, JR., JUDGE PRESIDING

November 16, 2022

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and Hans J. Liljeberg

**<u>AFFIRMED</u>**
    **SJW**
    **MEJ**
    **HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
LESLIE MENTEL
    Joshua P. Mathews

COUNSEL FOR DEFENDANT/APPELLEE,
IRIS MARGAVIO, TODD MARGAVIO, AND SOUTHERN FIDELITY
INSURANCE COMPANY
    Daniel A. Webb
    Laken N. Davis

**WINDHORST, J.**

Appellant, Leslie Mentel, seeks review of the trial court's August 25, 2021 judgment granting summary judgment in favor of appellees/defendants, Iris and Todd Margavio ("the Margavios"), and Southern Fidelity Insurance Company ("Southern Fidelity"), dismissing appellant's claims with prejudice. For the reasons herein, we affirm.

**PROCEDURAL HISTORY and FACTS**

Appellant leased a home located at 6315 Pilgrim St. ("the property"), in Metairie, from April 2009 until she vacated the property in November 2018. The Margavios owned the property. The house has a back deck built in the ground, the deck was not covered, and it was continuously exposed to the elements.[1]

On November 8, 2018, appellant was removing her belongings from the backyard of the property. Appellant opened the top of a hose reel box she was removing and wasps flew out towards her. When appellant stepped back from the box, her right shoe got caught in "warped and rotting" deck boards, causing her to fall backwards and land on her back.

On November 4, 2019, appellant filed a lawsuit against the owners of the property, the Margavios, and their insurer, Southern Fidelity, seeking damages based on the theory of premises liability for injuries she sustained from a fall caused by "warped and rotting" deck boards.[2] In her petition, appellant alleged that during the years she leased the property, the Margavios "noted defects on the back porch decking, which continued to deteriorate." She stated that after repeated conversations with the Margavios, they informed her that the defects would be repaired. Appellant alleged that the "rotted boards and uneven decking created an unreasonably dangerous condition on the property." Appellant contended that the

---

[1] In his deposition, Mr. Margavio testified that the deck "was built in the ground. I put four-by-fours into the ground; concreted the four-by-fours as support posts; and put the deck on top of the four-by-fours."

[2] Appellant amended her petition on January 27, 2020, adding Southern Fidelity as the Margavios' insurer.

Margavios were liable for allowing an unreasonably dangerous condition (*i.e.*, the deck) to exist on the property and for failing to warn her about it.

After answering the petition and adequate discovery, defendants, the Margavios and Southern Fidelity, filed a motion for summary judgment. Defendants alleged that the dangerous condition of the deck boards was known to appellant at the time of her fall and therefore, defendants did not owe a duty to appellant because the condition was open and obvious. In support, defendants submitted (1) an excerpt from Mr. Margavio's deposition (exhibit A); (2) appellant's petition for damages (exhibit B); and (3) excerpts from appellant's deposition (exhibit C).

In opposition to the motion for summary judgment, appellant contended genuine issues of material fact existed as to whether the dangerous condition of the deck was open and obvious to all that entered the property and whether the accident was caused by warped or rotten boards and/or appellant's failure to see what defendants alleged should have been seen. She argued that the deck was the only way into the backyard from inside the house; that she had several communications with the Margavios regarding the condition of the deck; that Mr. Margavio had actual knowledge of the hazardous condition of the deck; that he informed her that it would be repaired; and that some repairs were made to the deck.

Despite her assertions that she had several communications with the Margavios about the condition of the deck and that the Margavios had actual knowledge of the same, appellant argued that the allegedly dangerous condition of the deck was not open and obvious because she was not aware of the severity of the condition of the deck and Mr. Margavio testified that the deck was not defective. Specifically, she contended that Mr. Margavio testified that he inspected the property "probably every three months" and stated that the deck was "fine" and in "good" condition. She asserted in her affidavit that the Margavios never warned her not to use the deck and because Mr. Margavio attempted to repair the deck, she never

inspected the deck to determine the integrity of the boards. In her affidavit, appellant also stated that she had no knowledge that any "specific deck boards" were "rotten and/or warped." Based on her affidavit and Mr. Margavio's deposition testimony, appellant argued that the condition of the deck could not be "open an obvious to all" and the motion for summary judgment should be denied. In support of her opposition, appellant submitted (1) an affidavit by appellant (exhibit A); (2) excerpts from Mr. Margavio's deposition (exhibit B); (3) text messages (exhibit C); and (4) photographs of the deck (exhibit D).

In their reply memorandum, defendants asserted that despite appellant's conflicting statements in her opposition regarding her and/or the Margavios' knowledge of the condition of the deck, appellant was clearly aware of the alleged complained-of condition of deck and the condition of the deck was open and obvious. Defendants further objected to appellant's exhibits C (text messages) and D (photographs) on the grounds that the exhibits were not proper summary judgment evidence pursuant to La. C.C.P. art. 966 and they were not authenticated.

On August 19, 2021, after an evidentiary hearing on the motion for summary judgment, the trial court took the matter under advisement. On August 25, 2021, the trial court rendered judgment granting the motion for summary judgment in favor of defendants and against appellant, dismissing appellant's claims against defendants with prejudice. The judgment also ordered that appellant's exhibits C and D, offered in opposition to the motion for summary judgment, be excluded. In its written reasons for judgment, the trial court found that appellant was aware of the allegedly dangerous condition and failed to meet her burden to sustain her claim.

This appeal followed.

**LAW and ANALYSIS**

In this appeal, appellant contends that the trial court erred in 1) granting the motion for summary judgment; 2) determining that appellant was aware of the

warped deck board; 3) failing to consider Todd Margavio's testimony concerning his opinion of the condition of the deck; and 4) failing to apply the standard set forth in Broussard [3] to determine if a condition is open and obvious to all by focusing on the global knowledge of everyone who encounters the defective thing or dangerous condition, not the victim's actual or potentially ascertainable knowledge.[4]

Based on the evidence, the following facts are undisputed: Appellant leased the property from the Margavios for approximately nine years. The wooden back deck was built in the ground, it was not covered, and it was continuously exposed to the elements. Appellant had several communications with Mr. Margavio during her lease about the condition of the deck. Mr. Margavio informed appellant that the deck would be fixed. At some point, Mr. Margavio hammered deck board nails back into place. The deck was the only way to reach the backyard from inside the house, but there were two gates on each side of the house that led to the backyard. Appellant notified the Margavios that she was moving and paid rent through October 31, 2018. Appellant's last day to move out of the property was November 5, 2018. This incident occurred on November 8, 2018. Although this incident occurred after November 5, 2018, no one disputed that appellant had permission to be on the property on November 8, 2018. Upon removing a reel hose box from the back deck, appellant opened the box and wasps flew out toward her. Appellant stepped back, fell and sustained alleged injuries.

A motion for summary judgment must be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P.

---

[3] Broussard v. State ex rel. Office of State Bldg., 12-1238 (La. 04/05/13), 113 So.3d 175.

[4] Appellant did not appeal the trial court's ruling excluding her exhibits C and D, and therefore the excluded exhibits are not properly before this court. Nevertheless, upon *de novo* review, we find that the trial court did not err in excluding the exhibits because they are not proper summary judgment evidence and they were not authenticated. La. C.C.P. art. 966; La. C.E. art. 901A; Dye v. LLOG Exploration Company, LLC, 20-441 (La. App. 5 Cir. 11/03/21), 330 So.3d 1222, 1224-1226.

art. 966 A(3).  Appellate courts review a judgment granting a motion for summary judgment *de novo* using the same criteria that govern the trial court's determination of whether summary judgment is appropriate.  <u>Morange v. Troxler</u>, 20-386 (La. App. 5 Cir. 10/27/21), 329 So.3d 1105, 1108; <u>Phipps v. Schupp</u>, 09-2037 (La. 07/06/10), 45 So.3d 593, 597.  An appellate court's *de novo* review of the trial court's ruling on summary judgment is generally from the same viewpoint as that of the trial court, but with a fresh consideration of the exhibits and application of the law.  A *de novo* review "involves examining the facts and evidence in the record, without regard or deference to the judgment of the trial court or its reasons for judgment."  <u>Hooper v. Hero Lands Co.</u>, 15-929 (La. App. 4 Cir. 03/30/16), 216 So.3d 965, 973-974, <u>writ denied</u> 16-971 (La. 09/16/16), 206 So.3d 205.  While reasons for judgment may be informative, they are not determinative of the legal issues to be resolved on appeal.  <u>Id.</u> at 974.  Appellate courts review judgments, not reasons for judgments, and "[j]udgments are often upheld on appeal for reasons different than those assigned by the district judges."  See <u>Wooley v. Lucksinger</u>, 09-571, 09-584, 09-585, 09-586 (La. 04/01/11), 61 So.3d 507, 572.  Reasons for judgment are merely an explanation of the trial court's determinations and as such do not alter, amend, or affect the final judgment appealed.  <u>Id.</u>

The initial burden is on the mover to show that no genuine issue of material fact exists.  La. C.C.P. art. 966 D(1).  If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense.  <u>Id.</u>  The nonmoving party must then produce factual support to establish that she will be able to satisfy her evidentiary burden of proof at trial.  <u>Id.</u>  If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted.  <u>Parquet v. Louisiana HomeCare of Lutcher, L.L.C.</u>, 21-451 (La. App. 5 Cir. 03/30/22), 337 So.3d 1002, 1008.

Appellant's claim is governed by La. C.C. art. 2317.1, premises liability, which provides:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of *res ipsa loquitur* in an appropriate case.

Thus, in a premises liability claim, the plaintiff must prove that the thing was in the defendant's custody, that the thing contained a defect which presented an unreasonable risk of harm to others, that this defective condition caused the damage, and that the defendant knew or should have known of the defect. Bryant v. Ray Brandt Dodge, Inc., 19-464 (La. App. 5 Cir. 03/17/20), 292 So.3d 190, 197.

In considering whether a condition is unreasonably dangerous, courts apply a risk-utility balancing test, including the following factors: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of the harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of societal utility or whether the activities were dangerous by nature. Bufkin v. Felipe's Louisiana, LLC, 14-288 (La. 10/15/14), 171 So.3d 851, 856; Broussard, 113 So.3d at 184.

The second prong of the risk-utility inquiry focuses on whether the dangerous or defective condition is obvious and apparent. Broussard, 113 So.3d at 184. Generally, a defendant does not have a duty to protect against that which is obvious and apparent. Bufkin, 171 So.3d at 856. In order for a hazard to be considered obvious and apparent, the hazard should be one that is open and obvious to everyone who may potentially encounter it. Id.; Broussard, 113 So.3d at 184; Caserta v. Wal-Mart Stores, Inc., 12-853 (La. 06/22/12), 90 So.3d 1042, 1043 (*per curiam*). If the facts of a particular case show that the condition complained of should be obvious

to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff. Eisenhardt v. Snook, 08-1287 (La. 03/17/09), 8 So.3d 541; Dauzat v. Curnest Guillot Logging Inc., 08-528 (La. 12/02/08), 995 So.2d 1184, 1186 (*per curiam*). The degree to which a danger may be observed by a potential victim is one factor in the determination of whether the condition is unreasonably dangerous. Id. A landowner is not liable for an injury which results from a condition which should have been observed by the individual in the exercise of reasonable care, or which was as obvious to a visitor as it was to the landowner. Hutchinson v. Knights of Columbus, Council No. 5747, 03-1533 (La. 02/20/04), 866 So.2d 228, 234; Handy v. City of Kenner, 12-135 (La. App. 5 Cir. 06/28/12), 97 So.3d 539, 542. Summary judgment is not precluded in cases where the plaintiff is unable to produce factual support for his claim that a complained of condition is unreasonably dangerous. Allen v. Lockwood, 14-1724 (La. 02/13/15), 156 So.3d 650, 652.

In their motion for summary judgment, defendants pointed out the absence of factual support for an essential element of appellant's claim, *i.e.*, whether the condition of the deck was unreasonably dangerous. Defendants' evidence showed that appellant was aware of the alleged condition of the deck. Accordingly, defendants asserted they did not owe a duty to protect appellant from the complained-of condition because she was aware of the condition and it was open and obvious. Specifically, defendants relied on appellant's petition wherein appellant alleged that the Margavios "noted defects on the back porch decking, which continued to deteriorate" and that she had "repeated conversations" with the Margavios, who informed her that the defects would be repaired." Additionally, in her deposition, appellant testified that during the beginning of her lease, she used the back deck "quite often," but towards "the end it had deteriorated so much that [she] didn't even go out into the back unless [she] had to, you know, pick up something out the [*sic*] yard. [She] didn't – [she] didn't use the deck at all." When asked if

appellant was aware of the condition of the deck at the time of the November 2018 fall, she replied "Oh, absolutely." Considering this evidence, defendants presented *prima facie* evidence that appellant was missing an essential element of her claim, *i.e.*, whether the complained-of condition of the deck was unreasonably dangerous. The burden then shifted to appellant to show that the condition of the deck was unreasonably dangerous. We find upon *de novo* review that appellant did not meet her burden.

In opposition, appellant contended that she was not aware of the "severity" of the condition of the deck at the time of her fall. In her affidavit, she testified that she never inspected the deck to determine its "integrity" and she had no "knowledge of any specific deck boards being rotten and/or warped." Consequently, she was not aware of the unreasonably dangerous condition of the deck and for that reason, it was not "open and obvious to all." She also argued that Mr. Margavio's deposition testimony supports her assertion that the condition of the deck was not "open and obvious to all" because he testified that the deck was "fine" and/or in "good condition." However, despite appellant's assertions that that the condition of the deck was not "open and obvious to all," appellant failed to submit *any* evidence that the condition of the deck was unreasonably dangerous.

Considering the facts of this case, upon *de novo* review of the memoranda in support of and in opposition to the motion for summary judgment and the exhibits attached thereto, we find that there are no genuine issues of material fact and defendants are entitled to summary judgment as a matter of law. Based on the undisputed facts, the Margavios did not owe appellant a duty because the complained-of condition of the deck was open and obvious. Once the burden shifted to appellant, she failed to submit evidence to show that she could meet her burden at trial. Appellant leased the property for nine years, she was aware of the condition of the deck, she had numerous communications with Mr. Margavio about the

condition of the deck, Mr. Margavio informed her that the deck would be repaired, some repairs were made to the deck, appellant testified that the deck had deteriorated to such an extent she no longer used it, appellant testified that she was "absolutely" aware of the condition of the deck at the time of the November 8, 2018 fall, and appellant presented no evidence that the complained-of condition of the deck was unreasonably dangerous. Accordingly, we find no error in the trial court's judgment granting defendants' motion for summary judgment.

**DECREE**

Accordingly, for the reasons stated above, we affirm the trial court's August 25, 2021 judgment granting summary judgment in favor of defendants, Iris and Todd Margavio and Southern Fidelity Insurance Company, and against appellant, Leslie Mentel, dismissing appellant's claims with prejudice.

<u>**AFFIRMED**</u>

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 16, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**21-CA-739**

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. LEE V. FAULKNER, JR. (DISTRICT JUDGE)
DANIEL A. WEBB (APPELLEE)          LAKEN N. DAVIS (APPELLEE)

### MAILED
JOSHUA P. MATHEWS (APPELLANT)
ATTORNEY AT LAW
1510 WOODLAND HIGHWAY
SUITE A
BELLE CHASSE, LA 70037